(26 Misc. Rep. 709.)

## MULLIGAN v. COX.

(Supreme Court, Appellate Term. March 20, 1899.)

1. JUDGMENT—RES JUDICATA.

　　A final order of a municipal court justice in proceedings to recover possession of leased premises, holding the relation of landlord and tenant to exist between the parties, does not establish such relation, the justice having lost jurisdiction by failure to render his decision within eight days after submission of the case for his decision.

2. LEASE—BY LIFE TENANT.

　　Title of a lessee from a life tenant ceases on death of the life tenant.

Appeal from municipal court, borough of the Bronx, First district.

Proceeding by Agnes K. M. Mulligan, landlord, against John J. Cox, tenant. From a final order in favor of Cox, Mulligan appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Coleman & Donohue, for appellant.

F. Eder (M. Meyer, of counsel), for respondent.

GILDERSLEEVE, J. This proceeding was instituted to recover the possession of the demised premises for nonpayment of rent claimed to be due on December 1, 1897, under a lease which is set forth in the petition. The tenant, Cox, interposed an answer, in which he denied the allegations of the petition, and set up a further defense tending to show that one Charles Barson, Sr., died on the 2d day of October, 1897, and that upon his death all the right, title, and interest of the landlord, Mulligan, came to an end, and that since the decease of said Barson the said landlord, Mulligan, ceased to have any interest, right, or title in the property, or in the possession of the same; and that he, the tenant, was then, and has been since the decease of said Barson, in possession of the premises under the consent, permission, and license of certain persons, whom he mentions, and who, as he claims, became entitled to the possession of the property as reversioners upon the death of said Barson. The tenant sets forth a statement of the facts in his answer, from which it appears that the interest of Mulligan was itself a leasehold one, derived from said Barson, who was himself a life tenant of the property, and consequently that Mulligan's lease ceased upon the death of Barson, when the possessory right to the property free from demise passed to those who were entitled to the fee. Prior to the commencement of this proceeding, and in October, 1897, summary proceedings were instituted by Mulligan against Cox for the recovery of the premises in question, on the ground that the latter was holding over after a default in the payment of one month's rent, which, according to the terms of the lease, became due, in advance, on the 1st day of October. The petition in those proceedings was in the usual form. An answer was interposed by Cox, in which, among other things, he set up that the lease had terminated by reason of Barson's death. A trial was had, which, on October 21, 1897, resulted in a decision in favor of Mulligan, awarding to Mulligan the delivery of the premises. The issue of a warrant, however, was stayed by the payment of the rent. No claim, so far as appears from anything before us, was made for the November rent, which Cox swears he has not paid; but this proceeding was brought, as we have said, by reason of Cox's default in paying the December rent. There have been two trials, and we are now called upon to review the appeal taken by Mulligan from the final order made upon the second trial in favor of Cox.

On the first trial of this proceeding, the record of the October trial, above referred to, was put in evidence, and the landlord, Mulligan, urged the doctrine of res adjudicata. The justice, however, gave judgment for the tenant, and dismissed the proceeding. An appeal

was taken to this court, where the judgment was reversed, on the ground that the adjudication in the former proceedings conclusively established the continuance of the relation of landlord and tenant between the parties, and that, as no change of conditions since it was rendered was shown, the landlord was entitled to a final order.  See Mulligan v. Cox, 23 Misc. Rep. 695, 52 N. Y. Supp. 111, opinion per curiam.  The case went back for another trial, and again the proceedings were dismissed, as we have above stated.  The justice as signed the following reasons for his decision, viz.:

"The lease from Barson to Mulligan, being dependent upon a life tenancy terminated upon the 2d day of October, 1897, with the death of Barson The relationship of landlord and tenant was not established by the decision of Judge McCrea [the justice before whom the October case was tried], owing to the said justice having lost jurisdiction of the proceeding by reason of his failure to render his decision within eight days after the submission of the case for his consideration.  The testimony in support of this contention is not disputed, and it is clearly shown that, while the only hearing in the proceedings was held on the 21st of October, the justice's decision had not been communicated to the clerk as late as November 4th, nor was there any stipulation entered into extending the justice's time in which to render his decision.  The lease, therefore, having terminated, both by law and by the agreement contained in said lease, the relationship of landlord and tenant, as between Mulligan and Cox, had terminated; and, according to the evidence submitted, possession of said premises cannot be given to Agnes K. M. Mulligan, but is subject to the direction of the heirs of the wife of said Barson."

In our disposition of the first appeal herein (Mulligan v. Cox, supra), we assumed that the final order in the proceeding to recover possession for nonpayment of rent due October 1, 1897, was a regular and valid adjudication, as the record of the October case was received without objection upon the first trial.  Upon the second trial, which we are now reviewing, the justice held, upon sufficient testimony, that the justice who heard the proceeding in October, 1897, lost jurisdiction by reason of his failure to render his decision within eight days after the submission of the case for his consideration.  The ground, therefore, upon which we rested the former reversal falls, and we are now called upon to determine the merits of the controversy. Barson was only a life tenant, and could not give a lease for a longer period than the termination of his own estate.  The rent here claimed is for the month of December, or two months after the death of Barson.  The evidence offered in the case at bar, as we have seen, is sufficient to sustain the justice in finding as a fact the life tenancy of Barson, and consequently Mulligan cannot be restored to the possession of the premises, as her title died with Barson, and the title to the premises has passed into other hands.  Since October 2d, Cox has held under a lease from the children of Barson.

From a consideration of the whole case, we are of opinion that the final order should be affirmed, with costs.  All concur.