FOERST v. EMPIRE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department.   May 5, 1899.)

PLEADING—AMENDMENT—LACHES.
> On a trial 18 months after issue joined, defendant offered evidence, which was excluded on the ground that there was no defense in the answer under which it was admissible.   A juror was withdrawn, and subsequently defendant, at special term, moved for leave to amend the answer, on affidavit stating only what had occurred on the trial.   Plaintiff's affidavit stated that after service of the answer a request had been made by defendant to serve an amended answer, which was refused.   *Held*, that leave to amend was properly refused.

Appeal from special term, New York county.

Action by Marguerite Foerst against the Empire Life Insurance Company.   From an order denying defendant's motion to amend the answer, it appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edmund Luis Moeney, for appellant.
Samuel Scoville, Jr., for respondent.

INGRAHAM, J.   The action was commenced in 1897, the defendant's answer being verified on July 16, 1897.   The case was placed upon the calendar, and came on for trial on the 12th day of January, 1899.   Upon the trial the defendant sought to defeat plaintiff's recovery by proving that the amount of moneys in the mortuary fund of the defendant company applicable to the payment of the claim of the plaintiff was much less than the amount claimed.   This testimony was excluded by the court upon the ground that no defense was set up in the answer under which the testimony was admissible.   Thereupon, at the request of the defendant, a juror was withdrawn for the purpose of enabling it to move at special term to be allowed to amend its answer.   The defendant subsequently made a motion to amend its answer upon an affidavit of the defendant's attorney, simply stating what occurred upon the trial.   It is not alleged in this affidavit that the defense sought to be set up by this amendment was not known to this defendant at the time of the service of the original answer, that

there was a mistake in not pleading such defense, or that the defendant was surprised at the ruling of the trial judge as to the necessity of the amendment. No reason is suggested why the defense sought to be interposed was not set up in the original answer as served. It appears by the affidavit interposed by the plaintiff in opposition to this motion that, after the service of the answer, the defendant applied to the plaintiff for leave to serve an amended answer, which request was refused. No motion was made to amend the answer until after the action had been brought on for trial, and no suggestion of an excuse is alleged for not having made a motion for leave to amend long before the case came on for trial. We think, under these circumstances, the special term, in the exercise of its discretion, was justified in refusing to allow the defendant to amend its answer. The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.