(77 App. Div. 192.)

### BARSON et al. v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. EJECTMENT—EVIDENCE.
  Defendant's answer in ejectment that prior to the 1st day of October, 1897, and at all times thereafter, she had been the owner and holder by certain mesne assignments of a mortgage on the premises, did not warrant the admission of parol evidence that an absolute assignment of the mortgage executed by her after the date named was in fact given as collateral for a loan, which had been repaid and the mortgage reassigned to her.

2. SAME—TRIAL—RECEPTION OF EVIDENCE—REOPENING CASE—DISCRETION OF COURT.
  Where, in ejectment, defendant proved the assignment to her of a mortgage on the premises and rested, and plaintiffs in rebuttal proved that defendant had assigned the mortgage to a third party and rested, it was within the court's discretion to refuse to reopen the case to permit defendant to show by parol that the assignment from her, though absolute in form, was only given as collateral for a loan.

3. PLEADING—ADMISSIONS BY FAILURE TO DENY.
  Matter alleged in the complaint and not denied in the answer is to be taken as admitted.

Appeal from trial term, New York county.

Ejectment by William G. Barson and Charles H. Barson against Agnes K. Murphy Mulligan and another. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

See 73 N. Y. Supp. 262, 74 N. Y. Supp. 1120.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Brainard Tolles, for appellants.
Henry A. Forster, for respondents.

McLAUGHLIN, J. This action was in ejectment. At the con-
clusion of the trial the court directed a verdict for the plaintiffs
upon the issues involved, except as to the damages claimed, which
question was submitted to the jury, and, it having reported in favor
of the plaintiffs in a specified sum, which was doubled by the court,
judgment was entered, from which defendants have appealed.

There have been two trials of the action. On the former, plain-
tiffs had a judgment which, on appeal to this court, was reversed,
and a new trial ordered. Barson v. Mulligan, 66 App. Div. 486, 73
N. Y. Supp. 262. The facts established upon the second trial, so far
as the same relate to plaintiffs' title, are substantially the same as
those established upon the first trial. They are fully stated in the
opinions delivered upon the former appeal, and therefore it is un-
necessary to restate them here. It is sufficient to say that such facts
establish title in the plaintiffs, and, by reason thereof, the right to
the possession, unless such right were defeated by the defense relied
upon, which was substantially to the effect that the defendant Agnes
K. Mulligan, prior to the 1st of October, 1897, was, and at all times
thereafter had been, the owner and holder of a mortgage on the
premises in question, given by Selena Barson on the 1st of October,
1853. Upon the trial the defendants proved the giving of the mort-
gage by Selena Barson; that the defendant Agnes K. Mulligan by
mesne assignments acquired the same on the 28th of June, 1888; and
then rested. The plaintiffs then proved in rebuttal that on the 6th
of July, 1888, the defendant Mulligan assigned the mortgage to one
Steers, and rested. The defendants then attempted to prove by
parol evidence that the assignment to Steers, while absolute in form,
was really given as collateral security for the payment of a loan made
by a bank, of which Steers was president, to the defendant Agnes
K. Mulligan; that the loan was, in fact, paid prior to the death of the
life tenant, and the mortgage formally reassigned to the defendant
Mulligan on the 6th of October, 1897, four days after the death of the
life tenant. This proof was objected to, the objection sustained, and
exceptions taken, and these exceptions present the principal ques-
tions to be decided upon this appeal. We are of the opinion that the
exceptions are not well taken. First. The proof was not within the
issue. The answer alleged that Mrs. Mulligan was, prior to the 1st
of October, 1897, and at all times thereafter had been, the owner
and holder, by certain mesne assignments of the mortgage referred
to. She could not, under this allegation, prove by parol evidence
that an assignment, absolute upon its face, was, in fact, only given
as collateral security for the payment of a loan. Insurance Co. v.
Robinson, 24 App. Div. 570, 49 N. Y. Supp. 887. No such issue
was presented by the pleadings, and it was one which the plaintiffs
could not anticipate would be raised, and one which they ought not

to have been compelled to try. The purpose of pleadings is to notify parties, in advance of the trial, the issues to be tried, in order that they may properly prepare for the trial. Second. It cannot be said that the court erred in excluding the evidence, because at the time it was offered it was discretionary with the court whether or not it would receive it. Upon a trial a party is bound to produce all his evidence before he closes his side of the case, and after he has closed his case, and rested, it is within the discretion of the court whether or not to allow a reopening of the case to supply omissions or to receive further testimony, but such discretion should be sparingly exercised. Marshall v. Davies, 78 N. Y. 414; Agate v. Morrison, 84 N. Y. 672; Young v. Johnson, 123 N. Y. 226, 25 N. E. 363. In Marshall v. Davies, supra, the court said:

"No rule for the conduct of trials is more familiar than that the party holding the affirmative is bound to introduce all the evidence on his side before he closes. Hastings v. Palmer, 20 Wend. 225. He must exhaust all his testimony in support of the issue on his side before the testimony on the opposite side has been heard. * * * He can afterwards introduce evidence in rebuttal only. Rebutting evidence in such cases means, not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove."

Here the defendants, if they desired to prove that the mortgage, after it was acquired by the defendant Mulligan, was assigned to Steers only as collateral security for the payment of a loan, and that the loan was paid prior to the death of the life tenant, and that a formal reassignment was made after his death, should have offered such proof before they rested. They could not gamble upon the chance that the plaintiffs did not know that the mortgage had been assigned to Steers, and, if they had acquired such information, then offer further proof in explanation of it. This rule is fairly stated in the headnote of Fox v. Matthiessen, 84 Hun, 396, 32 N. Y. Supp. 356, affirmed 156 N. Y. 691, 50 N. E. 1117:

"The plaintiff in an action has no right to withhold a part of his testimony until he has ascertained how far the defendant's testimony would contradict the same, and then offer the balance of his testimony in rebuttal. It is discretionary with the trial court how far it will permit the reopening of a case on rebuttal, and its ruling in that respect is not reviewable upon appeal."

It is also urged that a question of fact was presented as to the death, intestate and without issue, of George Barson. The complaint alleges the existence of such facts, and we do not find that the same are anywhere denied in defendants' answer. There being no denial of them, they were admitted. Other questions are raised by the appellants, but they do not seem to be of sufficient importance for consideration.

We are of the opinion that the judgment and order should be affirmed, with costs. All concur.