### BARSON et al. v. MULLIGAN et al.

(Supreme Court, Special Term, New York County. March 7, 1904.)

PLEADINGS—AMENDMENT—DILIGENCE.

Defendant in ejectment, asserting rights as mortgagee in possession, was defeated at the trial and on appeal because it developed that she had assigned the mortgage, and could not prove a reassignment because she had not alleged the same. She had known for several years the bearing of these facts upon her defense, and had neglected to correct her pleading during nearly two years after its sufficiency in this respect had been passed upon by the court. *Held*, that defendant on obtaining a statutory new trial would not be granted leave to amend her answer so as to allege the reassignment.

Action by William G. Barson and others against Agnes K. M. Mulligan and others. On motion for leave to amend the answer. Denied.

See 89 N. Y. Supp. 704.

BISCHOFF, J. The defendant Agnes Mulligan, asserting her rights as mortgagee in possession, successfully resisted the plaintiffs' claim to possession, and obtained a reversal of the latter's judgment in this action for ejectment. Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262. Upon the second trial it developed that the mortgage under which possession was claimed had been

assigned by this defendant to one Steers in the year 1888, and, no reassignment being alleged in the answer, or proven, so far as to justify the possession in connection with the original entry, the rights of this defendant under the mortgage were sought to be supported by proof that the assignment to Steers was for security only. This evidence was excluded because not within the allegations of the answer, and judgment for the plaintiffs followed, with affirmance upon this ground. Barson v. Mulligan, 77 App. Div. 192, 79 N. Y. Supp. 31. Having obtained an order for the statutory new trial upon payment of costs, the defendants now move for leave to amend the answer to meet this defect in their case. In my view, the discretion of the court should not be exercised favorably to the application. There is no question that the defendant Agnes Mulligan knew all the facts, was advised as to their bearing upon the defense, as far back as the year 1897, and not inadvertently, but deliberately, framed the answer in its present form. The sufficiency of the answer, in view of the plaintiffs' proof, was ruled upon at the trial nearly two years before this application, but, rather than correct the pleading then, the defendants continued to assert its sufficiency, and now move only because defeated upon appeal. There is no ground here for the exercise of discretion, unless the term implies the mere fixing of a price which a party may pay, whatever his laches, to avoid the consequences of an erroneous policy. See Stedeker v. Bernard, 10 Daly, 466; Foerst v. Ins. Co., 40 App. Div. 631, 57 N. Y. Supp. 971.

Motion denied, with $10 costs.