## BARSON et al. v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

EJECTMENT—STATUTORY NEW TRIAL—LAW OF THE CASE—PLEADINGS—EVIDENCE.

> Defendant in ejectment claimed as mortgagee in possession, and on an assignment of her mortgage being introduced in evidence offered in rebuttal a reassignment, which was excluded because not pleaded, and the ruling was affirmed on appeal. On securing a statutory new trial, defendant moved at Special Term for leave to amend her answer by averring the reassignment. This motion was denied, and thereupon the new trial was entered upon with the pleadings in the same state as on the former trial. *Held*, that it was error to admit evidence of the reassignment.
>
> Ingraham, J., dissenting.

Appeal from Trial Term, New York County.

Action by William G. Barson and others against Agnes K. M. Mulligan and others. From a judgment for defendants and from an order denying a new trial, plaintiffs appeal. Reversed.

See 89 N. Y. Supp. 704.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Forster, for appellants.
Charles W. Dayton, for respondents.

HATCH, J.   Aside from any question which was considered or decided upon the appeal in Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262, I am of opinion that the judgment should be reversed for errors committed upon the trial.   Upon the appeal considered by this court in Barson v. Mulligan, 77 App. Div. 192, 79 N. Y. Supp. 31, the defendant offered proof in rebuttal of the assignment by her on the 6th day of July, 1888, of the mortgage to Steers, under which she claimed the right of possession, of a re-assignment from Steers to her under date of the 6th of October, 1897, four days after the death of the life tenant, and therefore after the time when the plaintiffs became entitled to the possession. Such evidence was excluded upon the ground that under the aver-ments of the answer no such claim was stated, and that she could not "prove by parol evidence that an assignment absolute upon its face was in fact only given as collateral security for the payment of a loan."   The court, in disposing of this question, further said : "No such issue was presented by the pleadings, and it was one which the plaintiffs could not anticipate would be raised, and one which they ought not to have been compelled to try."   For this and other reasons the court affirmed the judgment from which the ap-peal was taken.   The defendant having been awarded a statutory new trial, the action being in ejectment, moved at the Special Term to amend her answer by averring therein the reassignment from Steers to her, in order to meet the adverse ruling of this court upon her appeal.   The motion was denied by the learned judge at Spe-cial Term for good and sufficient reasons, as expressed in his opin-ion delivered upon the motion denying the same.   Barson v. Mulli-gan (Sup.) 94 N. Y. Supp. 687.   The parties entered upon the trial, therefore, with the pleadings in the same condition precisely as they existed upon the former trial.   Proof was offered of the re-assignment of the mortgage from Steers to the defendant.   Objec-tion was raised that it was not within the issues presented by the pleadings, as decided by this court; and attention was also called to the decision which denied the application of the defendants to amend in this particular.   Notwithstanding this situation, the court overruled the objection, admitted the proof of the reassignment, and the plaintiffs excepted.

Such ruling was erroneous.   It overruled a determination of the court at Special Term denying a motion to amend in this respect, and from the order entered thereon no appeal has ever been taken. It also overruled the decision of this court and the reasons upon which it was based.   Not only were the plaintiffs in no position to be advised that such issue would be raised, and consequently were not called upon to make preparation to meet the same, but, in ad-dition thereto, they were lulled into a feeling of security, placing their reliance upon a formal adjudication of this court and also of the Special Term that such proof could not be given.

Many other errors are apparent in this record, as the court seems to have submitted to the jury questions of law which it was called upon to determine for itself, and that without instructing the jury

as to the law upon the subjects to which they were required to give an answer. It is not necessary that we call attention to these matters in detail. The error already specified calls for a reversal of the judgment quite independent of other considerations.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.

O'BRIEN and McLAUGHLIN, JJ., concur. INGRAHAM, J., dissenting on former opinion. LAUGHLIN, J., not voting.

INGRAHAM, J. (dissenting). Judgment and order should be affirmed on opinion upon former appeal. 66 App. Div. 486, 73 N. Y. Supp. 262.