BARSON et al. v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

EJECTMENT—STATUTORY NEW TRIAL—JUDGMENT—PREMISES INVOLVED.

Code Civ. Proc. § 1529, provides that, where plaintiff has taken possession of real property under a final judgment in ejectment, a final judgment for defendant after a statutory new trial must award to him restitution of possession as if he were plaintiff. Plaintiff in ejectment had procured a judgment and taken possession of the property, whereupon defendant was granted a new trial under the statute. The complaint described a certain tract of land, and alleged that a part thereof was held by plaintiff's tenant, and excepted such part from its demands. The answer did not deny this averment, and demanded no affirmative relief. It appeared on the trial that the tenant had successfully resisted dispossess proceedings instituted against him by defendant. The jury specially found defendant to be in possession as mortgagee of the premises "in question," and fixed the ground rent of such premises at a sum far less than that of the whole tract. *Held*, that a judgment for defendant, awarding him possession of the whole tract, including that occupied by the tenant, was erroneous.

Appeal from Trial Term, New York County.

Action by William G. Barson and others against Agnes K. M. Mulligan and others. From an order denying a motion to amend the judgment, plaintiffs appeal. Reversed.

See 89 N. Y. Supp. 704.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Henry A. Forster, for appellants.
Charles W. Dayton, for respondents.

HATCH, J. This case has been before this court upon several appeals. So far as essential to the present controversy, the facts are as follows: Plaintiffs brought an action in ejectment to recover the possession of a one-story frame building about 25 by 20 feet, and of a vacant plot of ground containing about 680 square feet upon which the building was situate. The premises in question are part of a corner lot 55 by 69 feet, and containing about 2,500 square feet. The complaint described the entire plot, including that portion occupied by the defendants by metes and bounds,

and then excepted the larger piece, which, it was averred, was held by one Cox under a lease from the plaintiffs. The answer averred that the defendant Agnes K. M. Mulligan was in occupation of the premises as mortgagee in possession; that the plaintiffs, in October, 1897, leased the entire premises to Cox, who entered thereon, and now claims possession of the part occupied by him by virtue of said lease; that Cox has paid the defendant no rent since that time, but that defendant Agnes K. M. Mulligan has unsuccessfully attempted to collect the said rent from Cox. No affirmative relief was demanded in the answer. The demand was that the complaint should be dismissed, with costs. Cox was not made a party to the action. It is made to appear that the defendants instituted proceedings to dispossess Cox from that portion of the premises occupied by him. This proceeding failed, and judgment passed against the plaintiff therein, which upon appeal was affirmed by the Appellate Term. 26 Misc. Rep. 709, 56 N. Y. Supp. 797. The action in ejectment has been three times tried. Upon the first trial a judgment was directed in favor of the plaintiffs, which upon appeal was reversed, and a new trial granted. Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262. Upon the second trial judgment was again directed in favor of the plaintiffs, and upon appeal to this court the judgment was affirmed. Barson v. Mulligan, 77 App. Div. 192, 79 N. Y. Supp. 31. Pursuant to the provisions of the judgment entered after the last trial the plaintiffs were put in possession of that portion of the premises occupied by the defendants. Thereafter the court, upon the application of the defendants, granted to them a new trial pursuant to statute.

Upon the trial the court submitted to the jury certain specified questions which they were directed to answer, and upon the coming in of the jury and submitting their special verdict thereon, the court directed a general verdict in favor of the defendants. The defendants entered judgment thereon, adjudging that they were entitled to the possession of the whole of the premises—those from which they had been dispossessed as well as that portion occupied by the tenant Cox. Manifestly this judgment is erroneous. It appeared from the complaint, and also upon the trial, that the plaintiffs were in occupation of all of the premises save the 680 square feet which was in the possession of the defendants. The answer did not deny these averments of the complaint,—nor did it demand any affirmative relief based upon any averment contained in the answer. The fact that they were not entitled to be awarded the possession of that portion of the premises occupied by Cox was determined in the proceeding brought by the defendants to dispossess Cox from the portion of which he was in possession. Judgment passed against them in that proceeding, and no appeal has been taken from the judgment entered thereon. Under the pleadings, therefore, the issue presented for trial was as to the possession of that portion of the premises occupied by the defendants, and this was a very small part of the whole.

When the writ issued to place the plaintiffs in possession after judgment had passed against the defendants, it was only operative

upon that portion of which they were in possession.   The possession of that portion occupied by Cox was not involved either under the pleadings or upon the trial.   Consequently, when the defendants upon the new trial granted pursuant to the provisions of the statute had a judgment in their favor, there was no authority to award possession of any greater portion of the premises than was involved in the issue, and such portion, as we have before observed, was that of which they were in possession when the writ was issued to the sheriff to remove them therefrom.   The judgment awarding possession of the entire premises to the defendant was clearly unauthorized, and is opposed to the adjudication made by the Municipal Court and the Appellate Term, and also to the issues presented in the action for ejectment.   Section 1529 of the Code of Civil Procedure; Conger v. Duryee, 34 Hun, 550.

The answers made by the jury to the special questions submitted to them show the judgment to be unauthorized.   The sixth question submitted was: "Was the defendant Agnes K. Murphy Mulligan in possession of the premises in question as mortgagee in possession on October 2, 1897?"   The jury answered "Yes."   This was simply a finding with respect to the 680 square feet.   It is to be inferred that the jury so considered it by the answer which they made to the eleventh question.   The jury fixed the ground rent of the premises at $300 per annum, thus showing that they considered only that portion of the premises which was in the actual possession of the defendants at the time the action was begun.   The ground rent of the whole was largely in excess of such sum, so that, in no view which can be taken either of the facts or of the law, was the court below authorized in awarding by its judgment possession of the whole of the premises to the defendants.

It follows that the order denying the motion to amend should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.