BARSON et al. v. MULLIGAN et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

Appeal from Trial Term, New York County.

Action by Charles H. Barson and another against Agnes K. Murphy Mulligan and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

See, also, 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William G. Mulligan, for appellants.

Henry A. Forster (Fredrick P. Forster, on the brief), for respondents.

INGRAHAM, J. The effect of the interview between the defendant and one of the plaintiffs was not before the Court of Appeals when the case was in that court. I do not think that, on the testimony as it stands, there was a sufficient consent to entitle the holder of the mortgage to be treated as a mortgagee in possession, applying the rule laid down on the former appeal by the Court of Appeals. 191 N. Y. 306, 84 N. E. 75, 16 L. R. A. (N. S.) 151.

The judgment and order should be affirmed, with costs.

McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). This is an action in ejectment. On the first trial the plaintiff recovered; but the judgment was reversed by this court. Barson v. Mulligan, 66 App. Div. 486, 73 N. Y. Supp. 262. On the second trial the plaintiff again recovered, and the judgment was sustained on appeal. 77 App. Div. 192, 79 N. Y. Supp. 31. This judgment was subsequently vacated, and a new trial granted, on the application of the defendants, pursuant to the provisions of section 1525 of the Code of Civil Procedure, and the order was affirmed by this court. 84 App. Div. 642, 82 N. Y. Supp. 1093. On the third trial the defendants recovered, but the judgment was reversed for error in the reception of evidence. 107 App. Div. 613, 94 N. Y. Supp. 688. The plaintiffs succeeded on the fourth trial, and the judgment entered upon that verdict was affirmed by this court. 120 App. Div. 879, 105 N. Y. Supp. 1106. But it was reversed by the Court of Appeals (191 N. Y. 306, 84 N. E. 75, 16 L. R. A. [N. S.] 151), upon the ground that the trial court erred in excluding a conversation between the defendant Agnes K. Murphy Mulligan and one of the plaintiffs, offered for the purpose of showing that after the termination of the right of the defendants to the possession of the premises, as lessees of the tenant by the curtesy, on account of his death, and at a time when she owned and held a mortgage upon which default had been made in the payment of interest, he consented that she might remain in possession as mortgagee until the mortgage was paid. On the last trial, the trial court followed the ruling of the Court of Appeals and received the testimony of both defendants with respect to this conversation; but

after admitting it the court ruled as a matter of law that it was insufficient to require the submission to the jury of the question as to whether or not it showed consent on the part of the plaintiffs, or either of them, that she might remain in possession as mortgagee, and refused to submit that question to the jury, to which ruling exception was duly taken by defendants.

We are of opinion that the evidence was sufficient to present a question of fact for the consideration of the jury, and that the exception to these rulings requires a reversal of the judgment. The appellant Agnes K. Murphy Mulligan testified that in this conversation, which she had with the plaintiff Charles H. Barson, she demanded payment of the indebtedness to her as security for which she held a mortgage on the premises in question; that he informed her that he and his brother, who were owners of the equity of redemption, were about to arrange to pay it, and were not going to let her remain on their property any longer; that in reply she stated, among other things, in effect, that she was going to remain in possession until the mortgage was paid; that he replied, in effect, that she might remain in possession until the mortgage was paid, which would be soon, and that he would see his brother and let her know just when it would be paid; that this conversation was on the 6th day of October, 1897, four days after the death of the tenant by the curtesy; and that she remained in possession, without hearing anything further from him or his brother, and without any arrangement or demand for rent, until the 13th day of September thereafter, when she received a notice demanding possession of the premises. The defendant William G. Mulligan testified, with respect to this conversation, that his wife, who is the other defendant, informed the plaintiff Charles H. Barson that she understood that he disputed her ownership of the mortgage on account of an assignment thereof which she had made to one Steers as collateral security, and asserted to him that she owned the mortgage all the time, and then and there exhibited the bond and mortgage and a reassignment thereof to her from Steers; that plaintiff admitted that he knew she owned the mortgage; that she stated that she was in possession, and that she would not move out until the mortgage was paid; that plaintiff then stated that he and his brother had talked the matter over and intended to pay the mortgage soon, and had agreed that she might remain in possession until it was paid; that she replied that she would execute a satisfaction of the mortgage and surrender possession of the premises as soon as it was paid, and requested that plaintiff let her know when it would be paid, which he promised to do; and that said plaintiff stated that he spoke for his brother as well as for himself, and that she might remain in possession until the mortgage was paid. It appears that the building on the premises in question was used by the defendants as an office, and that upon the death of the tenants by the curtesy the door was locked, and the defendant William G. Mulligan retained possession of the key, and had possession of it at the time of this conversation with one of the plaintiffs, and that thereafter his wife opened up the office and used it without molestation during the period already stated.

At the close of the evidence the learned counsel for the defendants claimed in behalf of his clients that the jury might infer, from this evidence with respect ·to the consent of one of the plaintiffs and the long period of acquiescence of both, that there was an express consent by one and an implied consent by the other, and also that the action, having been brought by both of the owners of the equity of redemption, must be maintained by both. The Court of Appeals decided that the consent to the mortgagee to take possession or remain in possession need not be express, but might be implied from circumstances. The effect of the decision of the Court of Appeals necessarily is, I think, that it was not essential that the defendants, as lessees of the tenant by the curtesy, should surrender possession before a consent could be given that they might hold possession under the mortgage. There was no evidence before the Court of Appeals of surrender of possession as tenants, and the facts with respect to the possession were not in dispute. It was, therefore, evident that a new trial could not avail the defendants, unless the consent which is requisite to authorize a mortgagee to take or remain in possession could be given to them while they were in possession under the lease. If it was not essential to a recovery by either plaintiff that both should be entitled to possession, the Court of Appeals would not, I think, have granted a new trial as against the plaintiff Mary Matilda Barson, who, since the commencement of the action, succeeded to the rights of William G. Barson, one of the original plaintiffs, and was substituted in his place, for there was no offer of evidence to show that William G. Barson gave his consent to the mortgagee remaining in possession.

Moreover, the opinion of the Court of Appeals appears to assume that, if one of the owners of the equity of redemption gave his consent to the mortgagee to remain in possession, that would defeat the action; for, although it is held by the Court of Appeals in the opinion, in substance, that one co-tenant could not bind another, yet that he could bind himself, and the court say:

"As the proposed evidence was excluded, we do not know what would have been established by it; but the question under which it was sought to be elicited was broad enough to cover a transaction in which Charles H. Barson might have bound or affected his own right to possession."

And for the error in excluding that evidence the judgment was reversed and a new trial granted as to both plaintiffs. One co-tenant could consent for himself, and it would seem that possession by defendants with his consent would be the same as possession by himself, and· that ejectment would not lie either by one or both of the plaintiffs; but, since the learned counsel for the respondents does not contend that the judgment can be sustained in favor of one respondent, we do not deem it necessary to consider this question further, or to decide the point.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.

CLARKE, J., concurs in the dissent.