## NEW YORK COMMON PLEAS.

### JAMES T. LLOYD agt. WILLIAM WORRELL.

A lease of a *theatre* for a specific term and at a specified rent,which contains a cove-
nant that "at the expiration of such term, there shall be a renewal *for such fur-
ther time as shall prove mutually profitable*," the lessor to receive a share of the net
profits in lieu of rent, is a covenant which cannot be enforced by an action for
specific performance—*it is void for uncertainty*.

*Special Term, September,* 1869.

The defendant rented to the plaintiff the New York thea-
tre for a specific term, and at a specified rent, the lease con-
tained a covenant that at the expiration of such term there
should be a renewal for such further time as should prove
mutually profitable, the defendant to receive a share of the
net profits in lieu of rent. The specific term having expired,
the defendant being unwilling to continue the arrangement
further, instituted proceedings before the city judge, to dis-
possess the plaintiff, as a tenant whose term had expired.
Thereupon, the plaintiff filed this bill in the nature of—a bill
'for a specific performance of the covenant to extend the
term, and averred that the business was good, and continued
to be mutually profitable," proving by affidavit that there
was a considerable excess of receipts over expenditures. An
injunction was issued, restraining the summary proceedings,
which the defendant now moved to dissolve.

SANDFORD and WOODRUFF, *for the motion.*
LUTHER R. MARSH and H. F. AVERILL, *opposed.*

BARRETT, J. The covenant to extend "the time so long as
it proves mutually profitable" is indefinite as to the term,
and uncertain as to the amount. The term "mutually pro-
fitable" does not contemplate the mere excess of receipts

over expenditures, nor even a fair and ordinary profit, but the absolute satisfaction of both parties. The law can lay down no fixed rule upon the subject, for that only is mutually profitable, which each party esteems to be such. What is profitable to one, may be unprofitable to another, and there is no happy medium in such matters, for the certain satisfaction of the ordinary mind. But were it possible to define a fair and reasonable profit for to-day, that would be no criterion for to-morrow. Here we are asked to construe the term "mutually profitable" as having reference to a reasonable profit to be ascertained by outside evidence and to specifically enforce the contract, so long as such reasonable profit shall continue during the joint lives of the parties. This would involve our decreeing that to be reasonably profitable, which one of the parties declares to be unprofitable. Apart from the difficulties suggested and from certain legal difficulties which need not be discussed, it would require us to take proof from time to time of the fluctuations in the theatrical market, and to keep up a running adjudication upon the subject of reasonable managerial profits. Before anything approximating to a correct or certain result could be arrived at, the inquiry would necessarily extend over a variety of subjects, such as the effect of the location of the theatre, the character of the pieces and *artistes*, the business transacted at rival establishments and a comparison of counter-attractions, the bare mention of which demonstrates the complete impracticability of the course proposed. I have considered the question in every point of view, and the more I reflect over it, the clearer is my opinion that this covenant is void for uncertainty.

The injunction must therefore be dissolved.