BROWN, WHEELOCK, HARRIS, VOUGHT & Co., INC., Plaintiff, *v.*
ONE PARK AVENUE CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 13, 1929.

*Tobias A. Keppler*, for the plaintiff.

*Herbert H. Maass* [*Monroe L. Friedman* of counsel], for the defendant.

CHILVERS, J.   Plaintiff moves to strike out for insufficiency the defense contained in the answer setting forth that " the alleged agreement between the plaintiff and defendant as set forth in paragraph ' fourth ' of the plaintiff's complaint " is within the Statute of Frauds.

That paragraph of the complaint alleges that the defendant agreed to pay to the plaintiff, a real estate broker, a certain commission for procuring a tenant, part of which was to be paid at the time of the execution of the lease and the balance when and in event the option or options contained in the lease was exercised as set forth in paragraph " seventh " of the complaint.   This latter paragraph states that a lease was entered into between the defendant and the United States of America, by procurement of the plaintiff, for a period of two months, from May 1, 1926, to June 30, 1926, which lease contained a provision that it might  be renewed at the option of the tenant on the terms and conditions in that lease, provided notice be given at least six months before the expiration of the lease, with a further provision that no renewal should be for a longer period than one year.   The complaint then goes on to say that, prior to or simultaneously with the execution of that lease, the tenant exercised its option " pursuant to the provisions of the lease set forth in paragraph ' seventh ' hereof."

The plaintiff was paid its commission for one year and two months and now sues for further commissions because, as further alleged in the complaint, there were two subsequent renewals.

The defendant says that it seeks to show that such agreement as was made between it and the plaintiff broker was within the Statute of Frauds.   However, the defense  is directed only to the agreement alleged in paragraph " fourth " and under the agreement as thus alleged, payment was to be made no later than the exercise of the option.   The lease might have been signed and the option

exercised in a very short time after the employment of the plaintiff, even though it was requested to procure a tenant "prior to the first day of May, 1926." The defense in its present form is bad.

But the motion to strike out the defense must be denied. Renewal clauses in a lease will not be construed to mean that a renewed tenancy is also to contain a renewal provision, in the absence of express words evidencing such intention clearly. If renewals are to go on *ad infinitum*, a species of perpetuity would be created that the courts could not countenance in the absence of express intention. A provision for renewal in a lease gives the right of one renewal, unless otherwise expressed. A further renewal cannot be allowed by implication. The complaint says that, prior to or simultaneously with the execution of the lease, the renewal option was exercised "pursuant to the provisions of the lease." That renewal was, therefore, used up, and if further leases were entered into between the defendant and its tenant, the plaintiff is not entitled to commissions thereon by reason of the employment alleged in the complaint pursuant to which the first lease was obtained. A bad defense is good to a bad complaint. Therefore, the motion to strike it out cannot be granted. (*Baxter* v. *McDonnell*, 154 N. Y. 432, 436.)