GASWELL SERVICE, INC., Plaintiff, *v.* SINCLAIR REFINING COMPANY, Defendant.

Second Department, February 2, 1934.

*Thomas J. Kavanagh,* for the plaintiff.

*Joseph P. Walsh,* for the defendant.

PER CURIAM. The first two leases from McGuirk to defendant are subject and subordinate to the terms, covenants, conditions and provisions of the leases made by the Long Island Railroad Company to McGuirk, and they provide for a mutual termination of the leases upon either party giving the other sixty days' notice. The leases from McGuirk to the defendant provide for defendant's continuance in the premises for such periods only as the Long Island Railroad Company " may permit " McGuirk to remain; and there is the further clause for a renewal of the defendant's leases in the event that McGuirk " effects a renewal of his lease with the Long Island Railroad Company." Defendant has continued on under the McGuirk leases beyond the expiration periods, and when it gave notice of an intention to vacate, it was for the period that would cover a leasing from year to year. Defendant was in the premises at the sole whim of the Long Island Railroad Company. There was no definite leasing which bound the Long Island Railroad Company to recognize the term for which McGuirk leased to the defendant. We are of opinion, therefore, that defendant's continuance after the date of its leases was at will and terminable when the defendant vacated; and that there was such indefiniteness of term as to render the lease void for uncertainty. (*Western Transportation Co.* v. *Lansing,* 49 N. Y. 499; Jones Landl. & Ten. § 112, p. 137.) The leases in *Hoff* v. *Royal Metal Furniture Co.* (117 App. Div. 884) and *Burns* v. *City of New York* (213 N. Y. 516) contain provisions for fixed, definite renewals, and thus presented covenants that were in no way indefinite. As to the third lease in question, at the termination of the term therein provided the railroad company and McGuirk, on April 27, 1931, entered into a new lease for a tenancy " at will," and the lease from McGuirk to defendant made the same provision as to a continuance of the defendant's term as was contained in the first two leases above mentioned, namely, that the defendant was to have a renewal for such period as the railroad company " may permit " McGuirk to remain. In principle the third lease is the same as the first two leases and renders unenforcible the claim of the plaintiff that defendant was bound to remain in the premises until the Long Island Railroad Company terminated its lease to McGuirk.

Judgment should be directed for defendant upon the agreed statement of facts, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER and DAVIS, JJ.; CARSWELL, J., not voting.

Judgment unanimously directed for defendant upon the agreed statement of facts, with costs.