58–59 REALTY CORPORATION, Landlord, Appellant, v. PARK CENTRAL VALET, INC.. Tenant, Respondent.

First Department, July 1, 1937.

*Bertram Friedelson* of counsel [*Norman Roth* with him on the brief; *A. Edward Moskowitz*, attorney], for the appellant.

*Mordecai Konowitz*, for the respondent.

MARTIN, P. J.   We are asked to review the granting of a final order in favor of the tenant in a summary hold-over proceeding which has been affirmed by the Appellate Term, with one justice dissenting.

The parties hereto, under date of January 26, 1933, entered into a written lease of store No. 3 in a building known as Essex House, at 160 Central Park South " for a term to commence March 1st, 1933, and to end on September 30th, 1936, unless sooner terminated as hereinafter provided," at a stipulated rent.   The lease contained a clause which reads, in part, as follows:

" *Twenty-Eighth.* This lease is made upon the condition that if it is in effect upon the expiration of the term hereby demised then and thereupon this lease shall be deemed to be and the same is hereby renewed and extended without further act or deed of the parties for an additional term of.......... years from the expiration date of this lease, upon the same covenants, conditions and agreements as herein contained, excepting that the rent for each year of such additional term shall be at the same rate per year as the rate provided herein for the last year of the term hereby demised, without any concessions, and there shall be no obligation on the Landlord to repair or redecorate the demised premises."

Provision was made for the giving of notice if the renewal feature was to be avoided.   Notice was not given by either party as called for by the lease.   As a defense to the landlord's petition for a dispossess order, the tenant asserted that the landlord had not given notice in accordance with the terms of the lease, that the lease had been renewed, and the tenant continued in possession under the renewal.   The proceeding was dismissed.

In support of the dismissal, the tenant maintains that the sole question for the trial court was whether the renewal clause, as agreed upon by the parties, taking the blank space into consideration, reasonably permitted the construction that it was to be effective " upon the same covenants, conditions and agreements." It is urged that it is well established that a covenant to renew implies a renewal upon the same terms, covenants and conditions, and the duration of the term need not be particularly stated; that by omitting the blank space and the word " years " which follows it, there remains a clear agreement of renewal as follows: " This lease shall be deemed to be and the same is hereby renewed and

extended without further act or deed of the parties for an additional term from the expiration date of this lease, upon the same covenants, conditions and agreements as herein contained."

Where there is definiteness as to term and amount of rent to be paid, a simple covenant to renew will be held to mean a renewal for the same period at the same rate. This rule has been applied in *Kolasky* v. *Michels* (120 N. Y. 635), where the lease provided for a term of five years with renewal privilege upon the giving of two monthly notices. In *Western New York & Pennsylvania Railway Co.* v. *Rea* (83 App. Div. 576), where the lease was for the term of three years with provision for specified renewal term of five years, it was held that the lack of provision as to rent implied renewal at the same rent as originally provided. It was held to the same effect in *Bergener* v. *O'Halloran* (111 Misc. 203), where the rental was for the term of one year with privilege of renewal for one year. If, however, it appears that the parties have left the term and rent to be agreed upon, the covenant will be held void for uncertainty. (*Tracy* v. *Albany Exchange Co.*, 7 N. Y. 472.)

The lease here involved was for the term March 1, 1933, to September 30, 1936. Literally, there could be no renewal for the same term. The clause in question called for a renewal for " .......... years." The period of time of the original lease was three years and seven months. If the renewal clause is read as written it calls for a renewal for a period of " years," which would eliminate the seven months of the original term. In *Hall* v. *First National Bank of Kenmore* (226 App. Div. 190, 194), it was said: " When blanks are not filled in, they may be rejected as surplusage if the parties so intended. (*N. E. D. Holding Co.* v. *McKinley*, 246 N. Y. 40, 44.) And the intent must be gathered as an inference of fact from the whole setting of the transaction."

The parties used a printed form of lease. In addition to the blank space in the " Twenty-eighth " clause, there were blanks in the " Twenty-fourth " printed clause, covering installation of sprinkler system, and in the " Twenty-fifth " clause, dealing with security. These blanks were left as they appeared in the printed form. There was attached a typewritten rider covering security. Notwithstanding this rider, the " Twenty-fifth " printed clause was not, in any manner, stricken out. It would thus appear that the parties intended that where clauses in the printed form contained blanks, such clauses should be wholly disregarded. The clause must be regarded as incomplete, indefinite and uncertain. If any intention is evidenced it is to leave open to future negotiation the duration of the term of the renewal. This conclusion is

strengthened by the testimony relative to negotiations looking toward a renewal had prior to the expiration of the term granted.

The determination of the Appellate Term and the final order of the Municipal Court should be reversed and a final order directed to be entered in favor of plaintiff-landlord, with costs to the plaintiff in all courts.

UNTERMYER, DORE and COHN, JJ., concur.

Determination of the Appellate Term and the final order of the Municipal Court unanimously reversed and a final order directed to be entered in favor of the plaintiff-landlord, with costs to the plaintiff in all courts.