MARGARET HIGGINS, Appellant, v. JOHN J. O'DONNELL, Respondent.— On the court's own motion, the decision of this court handed down on May 27, 1938 [ante, p. 775], is hereby amended to read as follows: Action in ejectment in which defendant interposed a counterclaim for money damages. The judgment is for the plaintiff on the issue of ejectment, but defendant had judgment on the counterclaim in the sum of $3,000. Judgment modified by striking from the recitals the following: " and the jury having rendered a verdict as follows: ' We, the People of the Jury, agree that the plaintiff, Margaret Higgins, has complete possession of the lots. The Jury also agrees that the building on said lots is to be valued at the sum of $3,000.00;' " by inserting in place thereof the words, " and the jury having found that plaintiff is entitled to possession of the lots and that the value of the building thereon is $3,000;" by striking out the provision awarding defendant $3,000 on his counterclaim; by severing the counterclaim from the action, and directing that it be made the subject of a separate trial as an equitable action; and by allowing costs to plaintiff. As so modified, the judgment, in so far as appeal is taken therefrom, is unanimously affirmed, with costs to plaintiff. Order denying plaintiff's motion to set aside the finding of the jury as to the value of the building and for a new trial reversed on the law and the facts, and motion granted, with costs to abide the event. The counterclaim is severed and directed to be made the subject of a separate trial as an equitable action. At this trial plaintiff may adduce evidence of her damages, if any, for the withholding of possession of land by defendant. Defendant may offset the value of improvements against such damages, if any, and have a lien for the excess, if any, of the offset over the damages

of the plaintiff, if any, in the event that plaintiff's version as to the circumstances under which the improvements were made be accepted. Whether this lien, if any, shall have priority over plaintiff's interest in the property, or be on a parity, will be determined by how much, if any, of plaintiff's version is credited. If that version be rejected and defendant's version accepted so far as it relates to the arrangements between the parties respecting the placing of improvements upon the property (apart from the question of title to the land, which has been concluded), defendant may have a money judgment for the foregoing amount if the credited evidence warrants it and the equities do not justify a confining of the defendant to a mere lien. While at law the general rule is that a defendant in an ejectment action may have only the benefit of improvements made by way of offset to damages of the plaintiff, the rule does not obtain in an equity action where under extenuating circumstances a party has made permanent improvements upon the land of another, with the acquiescence of that other. Here the improvements were concededly, with the consent of the plaintiff, placed upon what has now been found to be plaintiff's land, under an arrangement by which she recognized that the defendant should have the value thereof in the event of a sale of the property. The situation here imperatively requires that the equities of the parties be adjusted in the light of the determination, on the issue relating to ejectment, that the plaintiff is the legal and equitable owner of the land. (*Mickles* v. *Dillaye*, 17 N. Y. 80; *Thomas* v. *Evans*, 105 id. 601; *N. Y., O. & W. R. Co.* v. *Livingston*, 206 App. Div. 589; modfd., 238 N. Y. 300.) Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.