MICHAEL TUCK FOUNDATION, INC., Landlord, *v.* C. HAZELCORN, Tenant, and JOHN ROE et al., Undertenants.

Municipal Court of the City of New York, Borough of Brooklyn, October 28, 1946.

*Eugene Tuck* for landlord.

*Douglass Newman* for tenant.

BREITBART, J. This is a nonpayment summary proceeding brought by the landlord to recover $488.75 rent for the month of September, 1946, for certain garage, office, and store premises occupied by the tenant.

On January 29, 1943, the parties entered into a lease commencing March 1, 1943, for the term of " the duration of the present war and for one year after the signing of an armistice by the U. S. A., with nations of Germany and Italy " at a rental of $5,100 annually, payable at the rate of $425 a month. The lease also provided that, at the termination of the term therein recited, " the parties hereto will enter into a new lease for a period of four years at a rental of $500.00 per month under the same terms and conditions ". On June 10, 1946, the landlord requested the tenant to sign a new lease for four years at the rate of $500 a month in accordance with the foregoing provision. The tenant refused to comply with the request. The landlord thereupon notified the tenant that beginning September 1, 1946, the rent would be $488.75 per month, or 15% above the $425 paid on the " freeze date " of the appropriate Emergency Rent Law.

The tenant contends that the original lease is still in effect because the term was " for the duration of the present war " and the war in its strict legal sense has not yet terminated because a treaty has not been signed. The landlord contends that the original lease has come to an end and that the phrase " for the duration of the present war " should be given its ordinary and usual meaning in the sense of cessation of hostilities. In my opinion, the landlord's contention is correct and a final order should be granted in its favor in the sum prayed for in the petition.

The court will take judicial notice that Italy signed a military armistice with the United Nations on September 3, 1943, and surrendered unconditionally on September 8, 1943; that Germany surrendered unconditionally on May 8, 1945; and that Japan accepted the Allied surrender terms on August 14, 1945, and signed the articles of surrender September 1, 1945.

An armistice is not a termination of war but effects merely a suspension of hostilities, the state of war continuing. (67 C. J., War, § 197, pp. 429–430.) In the absence of specific provisions to the contrary, the period of war has been held to extend to the ratification of the treaty of peace or the proclamation of peace. (*Hamilton* v. *Kentucky Distilleries Co.*, 251 U. S. 146, 165.) However, this technical definition usually refers to the war powers of the President (Opinion of U. S. Attorney General Clark, Sept. 1, 1945), to certain acts of Congress, joint resolutions, or Presidential proclamations. The phrase " during the war " in other acts of Congress has been held to mean only during a state of actual war, ending when the armistice was signed and hostilities were not thereafter renewed. (*G. B. Newton Coal Co.* v. *Davis*, 281 Pa. 74, affd. *sub nom. Davis* v. *Newton Coal Co.*, 267 U. S. 292.) The technical definitions continuing the state of war until the peace treaty is ratified, however, usually do not purport and are not interpreted to refer to rights of individuals arising out of contracts. The ordinary or lay concept of the meaning of the termination of war is the signing of an armistice or the cessation of actual hostilities. It has been so construed in a determination by the Appellate Division in this department in *Matter of Jones* v. *Schneer* (270 App. Div. 1027).

In that case there were also garage premises involved. There was a lease for five years from July 1, 1941. The rent beginning July 1; 1942, was $175 a month and, beginning July 1, 1943, it was $200 a month to the end of the term. On July 21, 1942, the landlord signed a memorandum that the rent was to be $100 a month " for the duration of the war ". The proceeding was to recover five months' rent beginning September 1, 1945, at the rate of $200 a month. The tenant contended that the war had not yet ended and that he was liable for only $100 a month. The Appellate Division affirmed an order granting the landlord $200 a month rent on the ground that the period referred to in the memorandum had come to an end. I am bound by that determination.

Indeed, to say that in the present case the parties intended the term at the $425 monthly rental to be until a peace treaty

was ratified would do violence to the language of the lease. To repeat, the term of the original lease was "the duration of the present war and for one year after the signing of an armistice by the U. S. A., with nations of Germany and Italy". More than one year has passed since an armistice was signed with the nations mentioned. The contention of the tenant would mean that the term of the lease was until the signing of a peace treaty with Japan and for one year after the signing of an armistice with Germany and Italy. Why there should be that distinction is not apparent. If the language meant until peace treaties were signed with all three nations and for one year after the signing of an armistice with Germany and Italy, it would be inconsistent. The only fair interpretation of the intendment of the parties is that the term was for the duration of actual hostilities and for one year after the signing of the armistice. That that interpretation would do justice to the parties appears from the fact that the lower rental was probably given to the tenant in view of the rationing of gasoline and the restrictions on manufacture of automobiles, the sale of both of which commodities constituted a major part of the tenant's business. Both of these controls were ended, the former on August 14, 1945, and the latter on August 24, 1945. To hold that ratification of the peace treaty constituted the final ending of the war would have no relation to the purposes of the lease.

Another method of reasoning leads to the same result. It has been held that a lease "for the duration of the war" is indefinite in duration, and for that reason does not create a term for years but rather a tenancy at will (*Stanmeyer* v. *Davis*, 321 Ill. App. 227; *Lace* v. *Chandler* [1944] 1 All E. R. 305) because this country was at war with several nations — Japan, Germany and Italy — and the lease did not refer to which particular war of the several in which we were engaged and actual hostilities could and did cease with one belligerent before another. Furthermore, the precise event which would terminate the war was not made clear by the parties. Did the parties intend that the lease should terminate upon cessation of actual hostilities, the signing of a peace treaty, its ratification, the enactment of a Congressional resolution, or the issuance of a Presidential proclamation? (See 39 Ill. L. Rev. 85.) Under these circumstances, the tenancy here would be one at will, terminable by a thirty-day notice (Real Property Law, § 228). The landlord gave the tenant notice on July 17, 1946, that the rent beginning September 1, 1946, would be $488.75 per month.

Final order directed in favor of the landlord for the sum of $488.75.