WILLIAM M. HUBER, Plaintiff, *v.* HARRIET RUBY, Defendant.

Supreme Court, Special Term, Nassau County, February 10, 1947.

*Garey, Desvernine & Kissam* for plaintiff.

*Harrison B. Wright* for defendant.

HILL, J. This is an action wherein plaintiff prays for a declaratory judgment and for an injunction.

On the first day of October, 1940, the plaintiff, by a lease in writing, came into possession of real property, owned by the defendant in fee, for a period of one year. Among other

things, the lease contained the following provision: "28th. It is also understood and agreed that tenant will have the privilege of renewal for the period of one year from the expiration of this lease by giving notice in writing to the Landlord, sixty day's [*sic*] prior to expiration, at a rental price to be agreed upon."

In the month of August, 1942, and each year thereafter until 1946, the parties agreed in writing to extend the lease for one year.

On May 2, 1946, the defendant notified the plaintiff that "the lease cannot be renewed beyond September 30th, 1946, as I wish to occupy the house myself". On May 27, 1946, the plaintiff notified the defendant that he elected to renew the lease from September 30, 1946, to September 30, 1947.

The first proposition to be disposed of is the contention by the plaintiff that this matter has been settled by a decision of the Supreme Court on a motion to dismiss the complaint and also for summary judgment wherein it was decreed that the pleadings presented a triable issue (187 Misc. 967). To give greater or more effect to the opinion would be first to deny to the parties their " day in court " and, second to make " dicta " the law of the case. Had the dispute been judicially determined on the motions then this trial was unnecessary. But since, by a decision of this court, a triable issue is presented, it will be considered accordingly.

This brings us to a consideration of the merits of the action. Did the renewal clause in the original lease carry over from year to year in perpetuity? I think not for two reasons: First, because a renewal clause in a lease is binding for but one renewal only (*Burns* v. *City of New York,* 213 N. Y. 516; *Brown. W., H., V. & Co., Inc.,* v. *One Park Avenue Corp.,* 134 Misc. 313; *Matter of Albany Sav. Bank* v. *Gigliotti Motor Sales,* 162 Misc. 468). Second, the renewal clause in the lease does not bind the landlord to renew until and unless the " price " can be agreed upon which, in effect, is no contract at all because of uncertainty.

This uncertainty would not be cured by the emergency rent laws. They did not come into existence until after the first option was agreed upon (March 1, 1943), after which time rents were fixed and dealings between landlord and tenant governed by Congress. The parties to this action are subject to the rent control laws and will be after this action is terminated.

**Judgment for the defendant; complaint dismissed.**