CELIA LEVY, Individually and as Executrix of ALEX LEVY, Deceased, et al., Plaintiffs, *v.* THEODORE AMELIAS et al., Defendants.

Supreme Court, Special Term, Cayuga County, May 25, 1955.

*Gerald Saperstein* for plaintiffs.

*Paul Magill* for defendants.

ROBERTS, J.   This is an action brought by the plaintiffs as owners of certain premises situate in the city of Auburn, New York, against the defendants, who are tenants of a portion of said premises, for a declaratory judgment.   The declaration sought is a determination of the rights of the respective parties under a renewal option contained in the lease.   Defendants in their answer likewise ask for a declaration of their rights pursuant to the same provisions of the lease.   There is no disputed issue of fact and the only question for determination is one of law involving the construction of the lease.   It is therefore appropriate to determine the matter upon this motion for a summary judgment.

Alex Levy and Jacob Levy were, during their lives, owners as tenants in common of real property at 112 Genesee Street, Auburn, New York.   Alex Levy died September 21, 1940, leaving a last will and testament, under the terms of which his interest in said real property was devised to his wife, Celia Levy, during her lifetime and, after her death, to testator's brother if living and, if not, to testator's niece and nephew.   Said last will and testament authorized and empowered Celia Levy, as executrix, to lease the premises without the consent of the remaindermen.

On March 1, 1945, Jacob Levy, surviving tenant in common, and Celia Levy, individually and as executrix of the estate of the deceased tenant in common, entered into a lease of a portion of said premises to one Irving P. Clarke and Marjorie S. Clarke, his wife.   Jacob Levy, one of the lessors, died on December 4, 1948, and his interest in the real property is now vested in the plaintiffs, Edmund A. Levy and Shirley Ruth Levy Steinfeld.   Subsequent to the execution of the lease, and in November, 1947, the tenants named therein assigned their right, title and interest in the lease to the defendants in the present action.

The lease was for a term of five years from June 1, 1945, to May 31, 1950.   The lease contained a renewal option, the interpretation of which is the issue involved in the present action.   This provision reads as follows: " and it is further covenanted and agreed that the parties of the second part is hereby given the privilege of an option of a multiple renewal of this lease, under the same terms and condition as herein expressed, except in the event the parties of the second part shall avail themselves of option of renewal the annual rental shall be $2400. per annum commencing June 1, 1950, payable in equal monthly payments of

$200.00 each in advance on the first day of each month. Parties of second part to give 60 days notice of renewal." Pursuant to this provision the tenants elected at the expiration of the term on May 31, 1950, to renew the lease for an additional term of five years, which renewal term expires May 31, 1955. The tenants have now given notice of an election to renew the same for an additional five-year period. It is the contention of the plaintiffs that the right of renewal was exhausted by the first renewal and that plaintiffs will be entitled to possession of the premises on June 1, 1955. The defendants contend that the clause in question gave them the right of successive renewals unlimited in number.

It is the well recognized rule that covenants for continual renewals are not favored as they tend to create a perpetuity. As a general rule, the privilege of renewal entitles the tenant only to a single renewal unless the language is such as to show a clear and unmistakable intention to the contrary. (*Burns* v. *City of New York*, 213 N. Y. 516; *Pflum* v. *Spencer*, 123 App. Div. 742; *Muhlenbrinck* v. *Pooler*, 40 Hun 526; *Matter of Albany Sav. Bank* v. *Gigliotti Motor Sales*, 162 Misc. 468; *Brown, Wheelock, Harris, Vought & Co.* v. *One Park Avenue Corp.*, 134 Misc. 313; *Huber* v. *Ruby*, 188 Misc. 1001, affd. 272 App. Div. 779; New York Law of Landlord and Tenant, vol. 2, § 587; Rasch on Landlord & Tenant and Summary Proceedings, vol. 1, § 218; 1 McAdam on Landlord and Tenant [5th ed.], § 147; 51 C. J. S., Landlord and Tenant, § 61.)

Webster's New International Dictionary (2d ed.) defines the word " multiple " as follows: " Containing more than once, or more than one; consisting of more than one; manifold." In the sense here used, multiple obviously means more than one. The word " multiple " has no meaning denoting perpetuity. " More than one renewal " does not mean renewals forever. Except for the use of the single word " multiple ", no language is to be found in the lease to even remotely indicate that the parties intended to make a lease in perpetuity. It is also significant that Celia Levy, who made the lease individually and as executrix of her deceased husband, had only a life use of an interest in the property. As such, she could not make a lease for a longer period than her own estate. (Real Property Law, § 247; *Mulligan* v. *Cox*, 26 Misc. 709.) It would be difficult indeed under such circumstances to find any intent on her part to give a lease in perpetuity.

In view of the well-recognized rule that leases in perpetuity are not favored, and in view of the absence of any language in

the lease, clearly and unequivocally indicating that such was the intent of the parties, the court finds that the renewal option here under consideration did not confer upon the tenants any right to renew the lease in perpetuity. If the tenants do not have the right to renew the lease in perpetuity, the next question presented is do they have the right to more than one renewal, and if so, how many. The option given was " *an option* of a multiple *renewal* " (emphasis supplied). Thus, option is singular, and renewal is singular, and were it not for the use of the word " multiple ", the expression would obviously refer to a single renewal. This expression is followed almost immediately by the following language in the lease: " in the event the parties of the second part shall avail themselves of *option of renewal* the annual rental shall be $2400. per annum commencing June 1, 1950," (emphasis supplied). Here again, the word " option " and the word " renewal " are in the singular. In the next paragraph tenants are given the right to remove all materials furnished by them " at the end of the term of this lease or *renewal* thereof " (emphasis supplied). Thus, for the third time, the word " renewal " appears in the singular. Even assuming, however, that the use of the word " multiple " gave the tenants the right to more than one renewal, it is still impossible to determine the number of such renewals intended. It might be two, or five, or ten, or any other number. In other words, the number of renewals cannot be determined, and the provision for multiple renewals is therefore so indefinite and uncertain that it is unenforcible, and the lease must be construed as giving to the tenant the right of but one renewal.

Indefiniteness of the term renders a lease void for uncertainty. (*Gaswell Service* v. *Sinclair Refining Co.*, 240 App. Div. 240, affd. 266 N. Y. 539; *Western Transp. Co.* v. *Lansing,* 49 N. Y. 499; *58–59 Realty Corp.* v. *Park Central Valet,* 252 App. Div. 72; *Lloyd* v. *Worrell,* 37 How. Prac. 75; *Abeel* v. *Radcliff,* 13 Johns. 297; 51 C. J. S., Landlord and Tenant, § 56, subd. b.) This rule likewise applies where the number of renewals is indefinite and cannot be ascertained from the language of the lease. In such a situation the provision is unenforcible and the tenant is limited to a single renewal.

In *Geyer* v. *Lietzan* (230 Ind. 404), the court had before it for construction a lease providing for " ' successive ' " renewals (p. 409). A provision for " successive " renewals would obviously be very similar to one for " multiple " renewals. The court there held that the lease did not confer the right to perpetual renewals and must be construed as limiting the tenant

to a single renewal. In its opinion (p. 412) the court said: '' We have held that the lease does not confer the right to perpetual renewals. If, in fact, the lease does extend to the lessee the right to more than one renewal but less than the right to renew in perpetuity, the number of renewals to which the lessee would be entitled is not spelled out by the lease. The lease would, therefore, be so indefinite and uncertain in that regard that the provision would be unenforcible.''

In *Gray* v. *Stadler* (228 Wis. 596), the court had before it a lease for fifteen years '' ' with privilege of renewals for similar periods ' '' (p. 597). The court held that this was not a lease in perpetuity and entitled the tenant to only one renewal.

The conclusion reached is that the lease gave the tenants the right of but one renewal and, as that right has been exercised, the plaintiffs will be entitled to possession of the premises on June 1, 1955.

Let judgment enter in accordance with this decision, without costs to either party.