In the Matter of the Accounting of ADELBERT WILDHACK et al., as Executors of JOHN H. BAHRENBURG, Deceased.

Surrogate's Court, Kings County, September 28, 1955.

*Hutton & Holahan* for executors, petitioners.

*Ludwig T. Smith,* special guardian for June Wilhack, an infant.

*Coombs & Wilson* for Tuberculosis & Health Assn., Inc.

*Mudge, Stern, Baldwin & Todd* for Servants of Relief for Incurable Cancer.

*Lott & Livingston* for House of St. Giles the Cripple.

*Carl H. Sievers* for Lutheran Child Welfare Assn.

*De Forest, Elder & Mulreany* for Presbyterian Hospital.

Moss, S.  The court is petitioned to construe the testator's will in order to determine whether the trust created under the provisions of paragraph " Twenty-Third " is now operative. By said paragraph testator provided that the income of the trust was to be paid to the testator's brother residing in the United States during two measuring lives " or *until a Treaty of Peace has been signed between the United States of America and Germany,* whichever event first happens." Upon the termination of said trust, the principal of the trust was bequeathed to designated beneficiaries residing in the Western Zone of Germany who were nationals of Germany. No peace treaty has yet been signed between the United States and Germany as a whole for the reason that it has not been possible to secure the unification of Germany. The literal requirement of the will for a " Treaty of Peace " not having been accomplished, a question of construction is properly presented.

The court will not permit mere verbiage to defeat the apparent purpose intended by the testator (*Carter, Macy Co.* v. *Matthews,* 220 App. Div. 679, 683, affd. 247 N. Y. 532; *Collister* v. *Fassitt,* 163 N. Y. 281, 286; *Atwater & Co.* v. *Panama R. R. Co.,* 246 N. Y. 519, 524; *Tuck Foundation* v. *Hazelcorn,* 187 Misc. 954, affd. 188 Misc. 1046; *Girdler Corp.* v. *Charles Eneu Johnson & Co.,* 95 F. Supp. 713, affd. 194 F. 2d 533).

It is apparent from the surrounding circumstances that the intent of the testator in the phraseology of the will was to avoid confiscation of the bequests by the United States Government of property belonging to enemy aliens. At the same time, the testator used the device of the trust to preserve the principal of the trust for the benefit of the named German nationals to be paid over to them intact when it was possible to do so on the cessation of hostilities.

The court having searched out the intent of the testator, it is now its duty to effectuate the same.

The court will take judicial notice of the free flow of commerce between the United States of America and the Western Zone of Germany. Ships and planes of each country are welcomed in the other as friendly carriers, and the nationals of each are encouraged to travel to the other in ever increasing volume. The intercourse between the two countries in all respects is that of friendly nations.

Although no peace treaty as such has been signed, yet the state of war between the United States and Germany was finally terminated by joint resolution of the Congress on October 19, 1951 (U. S. Code, tit. 50, Appendix, note prec. § 1), followed by a proclamation of the President on October 24, 1951, effective as of October 19, 1951 (U. S. Code, tit. 50, Appendix, note prec. § 1).

As further evidence of the amicable relations between the two countries, an agreement was entered into between the United States and the Federal Republic of Germany, effective October 22, 1954, to apply as between them the 1923 Treaty of Friendship, Commerce and Consular Rights. In addition, as late as July 27, 1955, a new Treaty of Friendship, Commerce and Navigation was entered into between the United States and the Federal Republic.

For all legal and practical purposes, the foregoing is tantamount to a peace treaty having been entered into between the United States of America and Germany. The language of the will will so be construed.

The court determines that the trust created by paragraph " Twenty-third " of the will has now terminated and that the principal fund is payable by the executors to the beneficiaries in Germany named in the will. Settle decree on notice.