GILBERT ROLLER, Respondent, *v.* VIVIAN A. FRANKEL, Appellant, et al., Defendants.

Third Department, August 13, 1959.

*Morris Permut* for appellant.

*William E. J. Connor* and *John G. Connor* for respondent.

*Per Curiam.* This is a dispute over a boundary line between adjoining landowners in a rural section of Columbia County. The land in question is about two acres in area. Both titles stem from a common owner in the early 1860's. At that time a mill and damsite had been developed on a stream on the premises. East of the mill and between it and the dam there was a public highway.

In the first deed to any of plaintiff's predecessors, which concededly embraced the land on which the mill was then located, the grantors bounded the easterly side "by the lands of" themselves as grantors; and the deed granted the mill "and the land attached to it with the appurtenances, thereunto".

A short time later the grantors gave a deed to the first of defendant's predecessors in which it was stated that the grant was made "saving and excepting thereout all the Grist Mill, Plaster Mill, dam, and premises". Soon thereafter plaintiff's first predecessor conveyed title by a deed which described the eastern boundary, in part, as fixed by the road which ran between the mill and the dam.

This instrument stated expressly, however, that it conveyed "the same premises" as that conveyed by the common owners in the deed to the plaintiff's first predecessor. In all deeds thereafter the earlier description was used.

The Official Referee found that the millpond area on the east of the highway belonged to the plaintiff. We think there is a sufficient record to justify this finding. It seems perfectly clear that the common owners in the first conveyance in the 1860's intended to convey the millpond site on the east of the highway as a part of the mill; and the subsequent reference by another grantor to the road as part of the eastern boundary did not entirely vitiate this, in view both of the reference to the prior deed and to the practice of conveyance after that deed.

There is proof that the millpond was used by the owners of plaintiff's land both in connection with the mill and otherwise; and a county road map in 1911 which shows the millpond in the same title as the old millsite tends to throw some supplementary light on the contemporary treatment of the title.

There is some additional engineering proof of pins and stakes along the line contended for by plaintiff which may have some value in determining where the line actually is. On the whole record we conclude that the judgment that plaintiff had actual title to the disputed area is justified.

The action is in ejectment; but it is also in form an action in equity seeking certain injunctive and other relief. In either form of action the court will follow equitable principles in entering a judgment vesting title in one of the litigants. Here defendant bought the premises in 1946; and there can be no doubt that she believed in good faith and claimed she had title to the premises in dispute.

Defendant began to make changes in the disputed area as early as 1947. There was a bulldozer used there, trees were cut down and brush was cleared away. This work was done

partly in 1948 and apparently defendant continued to cut the brush down. Neither plaintiff's predecessor in title nor plaintiff, after he acquired title in 1949, asserted any claim to the disputed area during this period. In 1949 defendant laid down a road over part of the disputed area, giving access to her house, without assertion of adverse rights from plaintiff. During this period plaintiff visited defendant's home from time to time.

There was some excavation of the stream in 1951 by defendant with the use of equipment, and in the Summer of 1954 defendant built a new dam to establish a swimming pool, which was a plainly visible operation, without claim of title asserted by plaintiff, and it was not until the Fall of that year, when the work was substantially completed that plaintiff asserted a claim to the area. There is evidence that in 1951, at least, plaintiff knew of the use of the excavation in the stream and saw the equipment actually on the site. Although there are some areas in the record in which the time plaintiff acquired this knowledge may be left uncertain, we would construe the present record to sustain the view that he did not protest use of his land until substantial improvements had been made; and that his first real assertion of title was in the Fall of 1954.

On the trial the attorney for defendant requested the court that if it found for the plaintiff, some equitable protection be given to defendant for the improvements she made with plaintiff's knowledge. This question seems to have been deemed by both parties submitted to the court but is not reflected one way or the other in the decision and judgment.

Where improvements are made in good faith and under a claim of title, equity may compel reimbursement by the owner to the other party. (*Thomas* v. *Evans,* 105 N. Y. 601; *Higgins* v. *O'Donnell,* 254 App. Div. 775; cf. *Grosch* v. *Kessler,* 256 N. Y. 477.) The measure of reimbursement when required is usually the increase in value of the successful party's land by virtue of the improvements, but it need not do this literally and is governed by equitable principles.

On this record we are of opinion defendant may become entitled to some reimbursement for improvements made to the extent plaintiff is held chargeable with knowledge; and that this subject ought to be re-examined at Special Term. The judgment should be modified on the law and the facts to remit to the Special Term the issue of the value of the improvements made by defendant after plaintiff had notice of the course of improvements to the land. The time of knowledge and the time of protest by the plaintiff are to be determined. The present record leaves the time open and we do not decide it. As thus modified

the judgment should be affirmed, without costs. This issue left to be resolved should be tried at Special Term and should not be further referred.

BERGAN, J. P., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment modified on the law and the facts, without costs, and the action remitted to the Special Term in accordance with opinion.