INDUSTRIAL DEVELOPMENT FOUNDATION OF AUBURN, NEW YORK, INC., Appellant, *v.* UNITED STATES HOFFMAN MACHINERY CORPORATION, Respondent.

Fourth Department, July 2, 1962.

*Gleason, Doyle & Gleason (John P. Doyle* of counsel), for appellant.

*Coulter, Fraser, Carr, Ames & Bolton (Henry S. Fraser* of counsel), for respondent.

*Per Curiam.* The part of the cause of action pleaded in the complaint which seeks recovery for the value of use and occupation or for profits received by the defendant by reason of such use and occupation for the period from March 23, 1956 to April 4, 1958 is barred, and the motion for summary judgment should be granted as to that part of the complaint. All equitable and legal relief for a single wrong must be sought in a single action. The plaintiff had brought an action in equity to compel delivery of a deed by the defendant in accordance with the defendant's contractual obligation to reconvey the premises upon the happening of certain contingencies. The contingencies had occurred and, on March 23, 1956, the plaintiff had demanded the reconveyance of the premises. A decree was entered in the equity action on April 4, 1958 directing a reconveyance by the defendant. This court affirmed (8 A D 2d 579) and an application for leave to appeal to the Court of Appeals was denied by that court (7 N Y 2d 706). The defendant reconveyed the premises to the plaintiff on December 7, 1959. In the equity action the plaintiff had not sought a recovery of any incidental damages, for the value of use and occupation or otherwise. The present effort to recover such damages to the time of the entry of the decree is violative of the principle forbidding the splitting of a single cause of action (*Inderlied* v. *Whaley,* 85 Hun 63, affd. on the opinion below 156 N. Y. 658). The Civil Practice Act compels a plaintiff in an equity action to seek a recovery for " whatever damages he may be entitled to and, if he made no demand for damages or failed to introduce proof as to damages, he is precluded from thereafter maintaining an action at law to recover damages." (*Maflo Holding Corp.* v. *S. J. Blume, Inc.,* 308 N. Y. 570, 575.)

Insofar as the plaintiff seeks damages up to the time of the entry of the equity decree, this action is analogous to an action for value of use and occupation or for mesne profits sought to be maintained after the entry of a judgment in an ejectment action. It was at one time held that section 167 of the Code of Procedure from which section 990 of the Civil Practice Act was later derived, authorizing the making of a claim for use and occupation or mesne profits in an action to recover possession of real property, was only permissive and that the plaintiff, if he wished to do so, could maintain a separate action for such damages (*Vandevoort* v. *Gould,* 36 N. Y. 639, 645). But after the adoption of the Code of Civil Procedure, it was held that all claims for rents and profits or for use and occupation constituted " incidental damages " in the ejectment action (*Clason* v. *Baldwin,* 129 N. Y. 183, 189). As a result, sections 1496 and 1497 of the Code of Civil Procedure (the predecessors of Civ. Prac. Act, § 990) in effect became compulsory (cf. *Hahl* v. *Sugo,* 169 N. Y. 109; 14 Carmody-Wait, New York Practice, pp. 184, 219).

However, the court below overlooked the fact that the plaintiff also seeks recovery for the value of use and occupation or profits received by the defendant subsequent to the time of the entry of the decree. The continued possession by the defendant was a new wrong, and plaintiff is not barred from maintaining an action for damages suffered from the date of the decree to the date when the defendant reconveyed the premises to the plaintiff. The part of the complaint seeking recovery of damages for that period should be allowed to stand and the motion for summary judgment as to that part should be denied.

WILLIAMS, P. J., BASTOW, HALPERN, McCLUSKY and HENRY, JJ., concur.

Judgment and order unanimously reversed, without costs of this appeal to either party and partial judgment granted in favor of defendant in accordance with the opinion and motion for summary judgment denied in all other respects, without costs.