## FOURTH DEPARTMENT, JUNE, 1978

### (June 2, 1978)

■ GENESEE CONSERVATION FOUNDATION, INC., Respondent, v OATKA FISH AND GAME CLUB, INC., Appellant.—Judgment affirmed, without costs, and lease declared void. Memorandum: Plaintiff commenced this action seeking a declaratory judgment that a lease between the parties was void for indefiniteness. The terms of the lease granted certain premises to defendant "for as long a period of time as the Lessee remains an active club and complies with the terms and conditions of the lease." Defendant has been in possession of the premises since 1949 and has built a club house and other improvements on the property. Leases may be either for a fixed term or in perpetuity. This lease is neither. The determination of what constitutes an "active club" and whether defendant remains one is subjective and incapable of measurement. The lease is void for indefiniteness (see *Western Transp. Co. of City of Buffalo v Lansing,* 49 NY 499; *Gaswell Serv. v Sinclair Refining Co.,* 240 App Div 240, affd 266 NY 539; *Tuck Foundation v Hazelcorn,* 187 Misc 954, affd 188 Misc 1046). A lease term may also be perpetual. A heavy burden rests upon the lessee, however, to establish that such a term was intended by the parties and manifestly the language of the present lease does not create a term in perpetuity (see *Gleason v Tompkins,* 84 Misc 2d 174). Inasmuch as the lease is void the tenancy became one at will and the plaintiff's notice to quit was sufficient to terminate it. In declaring the lease void, we note that its terms provided that at termination the lessee had the right to remove the buildings and structures it placed on the premises. Although the question is not presently before us, this provision well may survive our declaration of invalidity (see *Daniel Holding Corp. v 234 West 42 St. Corp.,* 255 App Div 8) and defendant may also be entitled to reasonable compensation for those improvements which cannot be removed and which were made in good faith reliance upon the lease (see *Thomas v Evans,* 105 NY 601; *Roller v Frankel,* 9 AD2d 24, app dsmd 9 NY2d 649; *City of Richmond v Davis,* 103 Ind 449; 51C CJS, Landlord and Tenant, § 399, subd [1], p 1030; 27 NY Jur, Improvements, § 3). All concur, except Moule, J., who dissents and votes to reverse the judgment in accordance with the following memorandum: In January, 1949 the Genesee Conservation League (League), plaintiff's predecessor in title, acquired by gift a large tract of land in the Town of Le Roy. Defendant leased a portion of the tract from the League in March, 1950 for use by it as a fish and game club. In November, 1956 title to the premises was transferred by the League to plaintiff subject to the lease. The lease provided for a yearly rental of one dollar and recited that "The term of the lease will be for as long a time as the Lessee remains an active club and complies with the terms and conditions of this lease." Additionally, the lease recited that defendant was to pay one half of all real property taxes on the entire tract and that defendant assist plaintiff in the "supervision, reforestation, fish stocking, posting and patrol of the Wildlife Sanctuary." On November 13, 1976 plaintiff notified defendant that it was terminating the lease effective March 22, 1978. Shortly thereafter defendant informed plaintiff that it considered the notice

of termination to be ineffective, whereupon plaintiff commenced this suit for a declaratory judgment, alleging two causes of action. Under its first cause of action, plaintiff sought a declaration that its termination of the lease was valid and under its second cause of action plaintiff sought a determination that the lease was unconscionable and unenforceable. Plaintiff moved for summary judgment on its first cause of action and defendant cross-moved for dismissal of this cause of action. Special Term granted plaintiff's motion and decreed that the lease be terminated and that defendant quit the premises by March 22, 1978. Plaintiff asserts that the court properly granted its motion for summary judgment because the term of the lease was indefinite. Indefiniteness or uncertainty in the term of a lease renders it void (*Gaswell Serv. v Sinclair Refining Co.,* 240 App Div 240, affd 266 NY 539; *Levy v Amelias,* 207 Misc 880, affd 1 AD2d 755). Indefinite leases are those which contain terms that are so ambiguous as to obscure the intention of the parties (see *58-59 Realty Corp. v Park Cent. Valet,* 252 App Div 72; *Tuck Foundation v Hazelcorn,* 187 Misc 954, affd 188 Misc 1046). The lease as a whole shows that the parties clearly intended to enter into a long-term relationship. The property was to be used by defendant for the erection of a clubhouse, rifle range and trap shooting field, and defendant was required to help plaintiff maintain the property as a wildlife sanctuary. Though the precise length of the term of defendant's lease is unknown, the term is not indefinite; it is determined by defendant's activity and compliance with the remaining provisions of the lease. Moreover, the holding in *Western Transp. Co. of City of Buffalo v Lansing* (49 NY 499) is not to the contrary. There, the lease provided for renewal "as [the lessee] shall choose or elect". Such lease was found void for uncertainty; however, the lease contained no reference to any collateral fact or circumstance, then existing, which made the term of the lease certain (49 NY 499, 506). Here, the lease is measured by defendant's existence as an active club. Defendant does not have sole control over its occupancy of the premises; it must continue as an active club in accordance with terms and conditions of the lease as agreed upon by both parties. Any inequity that might exist in the operation of these terms and conditions is the subject of plaintiff's second cause of action. If I agreed with the majority's determination that there was not a valid lease, I would, in any event, believe that the matter should be remitted for a hearing to determine whether under the circumstances equity should compel plaintiff to reimburse defendant for improvements to the land (*Roller v Frankel,* 9 AD2d 24, app dsmd 9 NY2d 649). Therefore, I believe Special Term erred in granting plaintiff's motion for summary judgment on its first cause of action. Accordingly, the judgment should be reversed insofar as it granted plaintiff's motion for summary judgment on the indefiniteness of the lease and the motion should be denied. Defendant's cross motion should be granted, and the first cause of action should be dismissed. This leaves open for a determination upon trial of the question raised in the second cause of action as to the unconscionability of the terms of the lease. (Appeal from judgment of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.