GIACOMA MICELI, Appellant-Respondent, v ARTHUR RILEY et al., Respondents-Appellants, and ROBERT CAULDWELL et al., Respondents.

Second Department, February 23, 1981

APPEARANCES OF COUNSEL

*Tilles/Bronchick (Frank Bronchick* and *C. Evans Tilles* of counsel), for appellant-respondent.

*Dreyer & Traub (Samuel Kirschenbaum* and *Brian Michael Seltzer* of counsel), for respondents-appellants.

OPINION OF THE COURT

MOLLEN, P. J.

This appeal presents us with a difficult and troubling issue. Both sides have important interests at stake. Both are entirely blameless and without responsibility for the controversy which has engulfed them and which we are now called upon to resolve. The determination we reach is not a happy one, but we can come to no other in view of the principles of law involved and the virtually unique circumstances surrounding the dispute.

The case involves two one-acre parcels of land located in Selden, New York. The parcels were referred to by Trial Term as Miceli East and Miceli West. There is no dispute over the ownership of Miceli West. Plaintiff sought damages with respect to that property solely on the basis of an alleged denial of the right of ingress and egress to the southern one-half acre of the parcel, and an alleged infringement of an easement appurtenant thereto. Our review of the record leads us to conclude that the property has sufficient means of ingress and egress. Moreover, we agree with Trial Term that plaintiff failed to prove ownership of, or an easement over, any of the land south of the two parcels here in issue. Accordingly, we affirm so much of the judgment as dismissed the complaint as to those defendants against whom damages were sought based exclusively on the alleged denial of a right of ingress and egress or an alleged infringement of an easement appurtenant to the property in question.

A far more troublesome issue exists, however, with respect to the parcel referred to as Miceli East. Plaintiff

claimed that she purchased that parcel as unimproved land for the sum of $450 in 1951. The purchase is evidenced by a deed from Charles and Marie DeMare, as grantors, dated April 6, 1951. The deed was recorded with the County Clerk on March 31, 1955. Those defendants involved in the dispute over Miceli East predicate their claims to the parcel upon a deed from the same DeMares to the Selden Land Corporation. That deed was dated June 7, 1955, and was recorded in the office of the County Clerk on August 8, 1955. In 1969 and 1970, the property purchased by the Selden Land Corporation was improved by the construction of houses and was sold to the individual defendant homeowners. Plaintiff's claim is that the land and houses purchased by five of those defendants, and for which two of the defendant mortgagees hold mortgages, encroach upon Miceli East.

After reviewing the entire record, we agree with Trial Term that the plaintiff established her claim. She proved that she was the fee owner of certain property pursuant to the deed dated April 6, 1951, and, through that deed and the testimony of witnesses at trial, she established with sufficient certainty that the property lay where she claimed that it did. Hence, plaintiff proved that she had title and right to possession to Miceli East superior to that of the defendants who have encroached upon that land. Having so concluded, we must turn to the issue of the appropriate remedy.

Although Trial Term found that the plaintiff had established her cause of action, it declined to adhere strictly to RPAPL 601 and refused to order ejectment and delivery of the property to the plaintiff. Instead, the court chose to invoke its equity powers in order to fashion a remedy which, in its view, would avoid hardship and an unjust result based upon "what can only fairly be called a mistake either of the surveyors or title examiners or both". Accordingly, the court ordered the plaintiff to elect between two options as a method of calculating her damages. She could either sell Miceli East to the defendants at a sum equal to twice the value of any one acre of undeveloped land in the immediate vicinity of the property or she could take possession of Miceli East upon payment to the defendants of the market

value of the improvements made thereon together with reimbursement for all realty taxes paid by the defendants on the property for the preceding six years.

Both sides appealed and, following oral argument in this court, decision was withheld as the parties made serious efforts to settle the dispute. Thereafter, the plaintiff herself died, and a further delay was required pending the issuance of letters testamentary, which have since been granted.[1] It now seems clear, however, that the parties are unable or unwilling to settle this unfortunate controversy, and we must therefore proceed to resolve it.

It is clear that Trial Term invoked its equity powers out of concern for the plight of the defendant homeowners. The record shows beyond question that they acted entirely in good faith and under color of title. They invested much in their homes, moved in with their possessions and established a good life for their families as welcome members of the community in which they had chosen to live. The plaintiff, on the other hand, had long shown little interest in the property, allowing it to remain unimproved for over 20 years. Yet it is equally clear that she did everything the law requires of a property owner. She properly recorded her deed in the office of the County Clerk, thereby giving notice to the world that she owned Miceli East, and she consistently paid taxes on the property from the time she acquired it. Moreover, we agree with Trial Term that plaintiff did not lose any right to the property through adverse possession since the land was not cultivated, improved or enclosed by the defendants prior to 1969 (see RPAPL 512, subds 1, 2).

The crucial factor in the case, however, and the one which, in our view, must resolve the dispute, is the finding of the trial court that the plaintiff did not have knowledge of the encroachment upon her property until sometime *after* the construction of the homes. The record contains sufficient evidence to support the court's conclusion in that regard. However, it is that very conclusion that makes the court's resort to its equity powers inappropriate in the case at bar.

An action to recover real property pursuant to RPAPL

---

1. Special Term has ordered the substitution of the executrix as party plaintiff.

601, where plaintiff seeks ejectment of the defendant, is an action at law. Nevertheless, it has long been held that a defendant in such an action may raise equitable defenses. (See, e.g., *Crary v Goodman*, 12 NY 266.) It appears, however, that in each case in which the court has chosen to fashion an equitable remedy rather than to award the plaintiff unconditional possession of the property, there has been a finding that the plaintiff himself had engaged in some inequitable conduct or had failed to act appropriately when he knew, or should have known, that something was amiss with respect to his property rights. (See, e.g., *Cavalli v Allen*, 57 NY 508; *Berney v Brodie*, 26 AD2d 679, app dsmd 19 NY2d 684; *Roller v Frankel*, 9 AD2d 24; cf. *Hoppough v Strubble*, 60 NY 430.)

In the case at bar, as Trial Term found, the plaintiff was guilty of no such misconduct or failure to act. She purchased the land and then gave proper and sufficient notice of her title by duly recording her deed. She was unaware in fact, and had no reason to become aware, that the defendants had trespassed against her land. Hence, the question upon which this case must finally turn is whether equity will compel such a property owner—one who has complied with all notice requirements and who is entirely innocent of any inequitable conduct—to reach an accommodation with a trespasser simply because the trespasser himself has acted in good faith and in ignorance of the owner's rights and would suffer substantial loss if forced to surrender his wrongful possession of the land. We hold that a fee owner may not be so compelled for, plainly, were it otherwise, property rights and rights of title would be rendered uncertain.[2]

Regardless, then, of the hardship that may befall the individual homeowner defendants here through no fault of their own, we are constrained to modify the judgment by granting unconditionally to the plaintiff's executrix the right of possession to the property known as Miceli East.

---

2. Trial Term felt itself free to fashion an equitable remedy because it found that the plaintiff herself was seeking equity in asking the court to declare the defendants' deeds and mortgages null and void. However, such requests are merely incidental in an ejectment action which remains an action at law. (See *City of Syracuse v Hogan*, 234 NY 457, 462.)

The final question concerns the plaintiff's claim for damages. Since the defendants acted wholly in good faith under color of title and in ignorance of the plaintiff's rights, they are entitled to offset the value of their improvements up to, but not beyond, the amount by which plaintiff has been damaged by the wrongful withholding of her property. (RPAPL 601.) The record here supports Trial Term's finding that the defendants' improvements "are so substantial even when fractionalized according to the bisecting property lines as to render plaintiff's recovery of money damages impossible." Accordingly, although entitled to delivery of the land, plaintiff may not have money damages.

LAZER, GIBBONS and COHALAN, JJ., concur.

Order of the Supreme Court, Suffolk County, dated April 24, 1979, affirmed insofar as appealed from. No opinion.

Judgment of the same court, dated September 25, 1978, modified, on the law, by deleting therefrom the sixth, eighth, ninth and tenth decretal paragraphs, and by substituting therefor provisions (1) directing that possession of the property described in the sixth decretal paragraph of the judgment be delivered to the plaintiff's executrix, (2) declaring that, upon such delivery, any deeds of defendants Riley, McCarthy, Cauldwell, Victor, Lang and Weinstein, or their heirs or assigns, are null and void insofar as they relate to realty included within the property described in the aforesaid sixth decretal paragraph of the judgment, and (3) declaring that, also upon such delivery, any mortgages held by defendants Whitestone Savings and Loan Association and County Federal Savings and Loan Association, or their assigns, are null and void insofar as they relate to realty included within the property described in the aforesaid sixth decretal paragraph of the judgment. As so modified, judgment affirmed. Possession of the property is to be delivered to plaintiff's executrix within six months after service of a copy of the order to be made hereon, with notice of entry thereof, upon all defendants other than Frank Roethel, Donna Sue Roethel, Sunrise Federal Savings and Loan Association, Ferdinand Sousa and Madeline Sousa.

Plaintiff is awarded one bill of costs to cover both appeals.