In the Matter of ABRAHAM NEUSTEIN, Deceased. (Matter No. 1.) AMY NEUSTEIN, Respondent-Appellant, v ESTATE OF ABRAHAM NEUSTEIN et al., Appellants-Respondents. (Matter No. 2.) [948 NYS2d 644]—

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Marini v Lombardo*, 79 AD3d 932, 933 [2010]; *see Campbell v Campbell*, 50 AD3d 614 [2008]).

Contrary to the contentions of Joshua Neustein, a defendant in Matter No. 2 (hereinafter Joshua), the Surrogate properly awarded damages to the plaintiff in that matter (hereinafter the plaintiff) for the value of the rent of the subject real property while the property was wrongfully withheld from her (*see* RPAPL 601; *Cassata v New York New England Exch.*, 250 AD2d 491, 492 [1998]; *see also Baker v Drake*, 53 NY 211 [1873]; *Maracina v Shirrmeister*, 105 AD2d 672, 673 [1984]; *Miceli v Riley*, 79 AD2d 165 [1981]; *Matter of Rothko*, 56 AD2d 499, 502-503 [1977], *affd* 43 NY2d 305 [1977]; *Crawford v Town of Hamburg*, 19 AD2d 100, 101 [1963]; *Industrial Dev. Found. of Auburn, N.Y. v United States Hoffman Mach. Corp.*, 16 AD2d 600, 601-602 [1962]; *Rae v Sutbros Realty Corp.*, 6 AD2d 716 [1958], *affd* 6 NY2d 963 [1959]; *Deering v Riley*, 38 App Div 164, 173-174 [1899], *affd* 167 NY 184 [1901]; *cf. Reads Co., LLC v Katz*, 72 AD3d 1054, 1056 [2010]). The Surrogate also properly trebled a portion of the damages (*see* RPAPL 853; *Moran v Orth*, 36 AD3d 771 [2007]; *Rocke v 1041 Bushwick Ave. Assoc.*, 169 AD2d 525 [1991]; *Lyke v Anderson*, 147 AD2d 18, 24 [1989]; *Bianchi v Hood*, 128 AD2d 1007 [1987]; *cf. Golonka v Plaza at Latham*, 270 AD2d 667, 670 [2000]; *ZCWK Assoc. v Spadaro*, 233 AD2d 126 [1996]). In addition, the award of damages was based on competent evidence (*see Goldstein v Held*, 63 AD3d 881 [2009]).

We decline to disturb the Surrogate's determination that the plaintiff was not entitled to damages based on the purported loss in sale value of the property (*see Marvin v Prentice*, 94 NY 295, 301 [1884]; *North Main St. Bagel Corp. v Duncan*, 37 AD3d 785, 786 [2007]; *Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711 [1986]).

Joshua's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.