(50 Misc. Rep. 639)

POCHER v. HALL et al.

(Supreme Court, Appellate Term. April 24, 1906.)

LANDLORD AND TENANT—LEASE—NATURE OF CONTRACT.

A contract giving defendants the right to use the roof of plaintiff's premises for advertising purposes, involving the construction and maintenance by defendants of a structure for signs, was a lease, and not a mere license.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 8.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Isidore J. Pocher against Harry J. S. Hall and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Heyn & Covington, for appellant.
Benjamin F. Feitner and Louis Salant, for respondent.

BISCHOFF, J. The plaintiff's recovery, upon the theory that the agreement between the parties was a lease, and not a mere license, is, in our opinion, to be upheld. This agreement gave to the defendants the use of the roof of the premises for advertising, a restricted purpose, but one which none the less involved the defendants' possession of and dominion over a substantial part of the realty. The transaction comprised the construction and maintenance of the defendants' own structure for signs, not the mere placing of signs upon a wall, as in the case of Goldman v. N. Y. Adv. Co., 29 Misc. Rep. 133, 60 N. Y. Supp. 275, nor the simple right to affix advertising matter to a structure already erected upon a roof, as in Reynolds v. Van Beuren, 155 N. Y. 123, 49 N. E. 763, 42 L. R. A. 129; and the ground of distinction is noted in O. J. Gude Co. v. Farley, 28 Misc. Rep. 184, 58 N. Y. Supp. 1036, where the opinion was expressed by this court that an identical agreement was to be construed, under these circumstances, not as a license, but as a lease.

The defendants having remained in possession, the lease endured for the period covered by the demand in suit, and there is no ground for our disturbing the result of the trial, upon the conceded facts.

Judgment affirmed, with costs. All concur.