(60 Misc. Rep. 338.)

VAN BEUREN & NEW YORK BILL POST CO. v. SARAH S. KENNEY & C. J. SULLIVAN ADVERTISING CO.

(Supreme Court, Special Term, New York County. August, 1908.)

1. LANDLORD AND TENANT (§ 87*)—LEASE—RENEWAL.

Where a lease for a year gives a right to renew the same for a like period on the same terms and thereafter from year to year, the right to renew is not exhausted by the first renewal.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 265; Dec. Dig. § 87.*]

2. LANDLORD AND TENANT (§ 87*)—LEASE—CONSTRUCTION.

Where a lease provides for renewal so long as the premises are used for advertising purposes, it refers to the premises leased for that particular purpose, and during the term of such lease a landlord will be enjoined from leasing roof space to another advertiser.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 87.*]

Action by the Van Beuren & New York Bill Post Company against the Sarah S. Kenney & C. J. Sullivan Advertising Company. On motion for injunction pendente lite. Granted.

See, also, 112 N. Y. Supp. 1149.

Chas. O. Maas, for plaintiff.
Wait & Foster, for defendant.

BISCHOFF, J. The words of the agreement "for the term of one year from the date first above written, with the right of renewal for a like period of time on the same terms and conditions, and thereafter from year to year, so long as the said premises, shall be used for advertising purposes," are not indefinite, and provide for successive renewals not exhausted by the first renewal, as in Western Trans. Co. v. Lansing, 49 N. Y. 499, and the agreement itself was a lease. Pocher

v. Hall, 50 Misc. Rep. 639, 98 N. Y. Supp. 754. The clause "as long as the said premises shall be used for advertising purposes" must reasonably be taken to refer to the premises leased to the plaintiff for this purpose, not to the use of the property as a whole, and, indeed, the refusal to renew the lease is not sought to be justified upon the ground of a change in the use of the building, since the defendant Kenney contemplates leasing this roof space to another advertiser, the defendants C. J. Sullivan Advertising Company.

The fact of this lease to the Sullivan Company is not disputed by the affidavits submitted, and, while issue is taken by the answers as to paragraph 13 of the complaint relating to this leasing, that paragraph contains other averments of fact which might well be placed in issue consistently with the truth of this particular allegation, and the denial is directed simply to the paragraph as it stands. For the purposes of this motion it is certainly indicated, and apparently admitted, that the defendant Kenney has made the lease to the Sullivan Company, and, under the circumstances, she cannot be heard to say that the observance of her contract with the plaintiff would be beyond her powers under her agreement with the principal landlord.

Motion for injunction pendente lite granted. Question of security to be determined upon the settlement of the order.

Motion granted.