(65 Misc. Rep. 25.)

MEHLMAN v. ATLANTIC AMUSEMENT CO.

(Supreme Court, Appellate Term. November 12, 1909.)

LICENSES (§ 44*)—"LEASE" OR "LICENSE."

An instrument by which defendant contracted to "let," and plaintiff to "take," the right to maintain, at a certain race park, three stands for sale of candies, said right being exclusive for said business within said park, also the storeroom under the tracks, and one of said stands, not to exceed a certain size, to be in the main pavilion, and providing the period of "letting," and the amount and times of payment of the "rent," instead of being a "license," is a "lease," as it is termed; the instrument, which grants plaintiff the right on defendant's land, conferring on him an interest in the land, and thus affecting defendant in the exclusive use of the land, so that plaintiff, having paid all the rent at the stipulated times, can recover no part of it, though the park is destroyed by fire before the end of the period of letting.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 98; Dec. Dig. § 44;* Landlord and Tenant, Cent. Dig. § 8.

For other definitions, see Words and Phrases, vol. 5, pp. 4043–4049; vol. 8, pp. 7702–7703; vol. 5, pp. 4133–4137; vol. 8, p. 7706.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Mehlman against the Atlantic Amusement Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Frederick S. Martyn, for appellant.

Maurice J. Katz, for respondent.

GILDERSLEEVE, P. J. The defendant by an instrument in writing, designated therein as a "lease," contracted with plaintiff to "let" to plaintiff, who agreed to "take" from defendant, "all that certain right or privilege to maintain three stands in Steeplechase Park, Coney Island, N. Y., for the sale of all kinds of candies, peanuts, and popcorn, the said right being the exclusive right for said business within Steeplechase Park from the beach to Surf avenue; also, in addition, the storeroom under the Steeplechase tracks, and one of said stands to be located in the main pavilion of Steeplechase Park, as already designated, and its size not to exceed 8x8 feet." The period of such "letting" was to be from the opening day of said park to the 1st day of October, 1907, at a "rent" of $1,200, payable $600 on the signing of the instrument, $300 on June 15, 1907, and $300 on July 5, 1907. Plaintiff took possession and made the payments above mentioned. The last of such payments was made on July 5, 1907, which was in full for the whole season. Thereafter, and on July 28, 1907, the entire park was destroyed by fire, and plaintiff here sues to recover that proportion of the said "rent" of $1,200 which would cover the period subsequent to July 28, 1907, and between that date and October 1, 1907, when the lease by its terms was to terminate.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The only question presented is this: Was the instrument a lease or a license? If it was a lease, the rent due and owing, and paid on July 5th, cannot be recovered, notwithstanding the destruction by fire on July 28, 1907. The test of the distinction between a lease and a license depends, substantially, upon the question whether or not the contract or authority granting the right to enter upon the land of another confers upon the person so entering an interest in the land, so as to affect the other in the exclusive use of his land. While it is true that the mere use of the words "lease" and "let" in the contract does not necessarily create a lease, as distinguished from a license, nevertheless the instrument in suit must be regarded as a lease, since it gave plaintiff a right to the possession and use, not only of a certain specified space of ground for his stands, but also of the storeroom under the tracks, which right of use and possession certainly affected defendant's right to the exclusive use of its land. We are of opinion, therefore, that the learned court below fell into error in holding that the instrument was a license, and not a lease.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.