OLIVER GOLDSMITH, Plaintiff, *v.* THE OUTDOOR ADVERTISING Co., INC., Defendant.

Supreme Court, Erie County, April 9, 1933.

*Saperston, McNaughton & Saperston*, for the plaintiff.

*George Feldman*, for the defendant.

CHARLES B. WHEELER, Official Referee. This action is one to recover certain installments of rent claimed to be due and owing by reason of the fact the defendant held over and occupied certain premises after the expiration of the term specified in a written lease or license.

One Lucy Pomeroy owned certain premises located on the corner of Main and West Utica streets in the city of Buffalo.

On the 30th day of June, 1921, she entered into a certain agreement with the Thomas Cusack Company, by which she gave the Thomas Cusack Company " the exclusive right and privilege to erect and maintain advertising sign boards * * * upon the

roof only of the premises owned by her, situate at and near the corner of Main and West Utica Streets in the City of Buffalo * * * with the right of access to and upon same for the term of five years commencing on the fifteenth of July, 1921."

Subject to certain conditions in the contract specified, this contract among other things provided that " all boards and material placed on said premises shall remain the property of said company and may be removed by it at any time provided it shall observe the covenants and conditions of this agreement."

The contract contained this further agreement, to wit: " This agreement is not a lease but merely an exclusive right and privilege to erect and maintain advertising sign boards of the character aforesaid upon the premises above described upon the terms and conditions herein expressed."

The Thomas Cusack Company agreed to pay for the rights conferred the sum of $1,800 per year in monthly installments. Advertising signboards were erected on the premises. The plaintiff in this action subsequently became the owner of the premises and Lucy Pomeroy assigned to him her interest in the contract with the Thomas Cusack Company.

The present defendant in turn took over the business of the Thomas Cusack Company, became obligated to pay the annual compensation, and although the original term of the contract expired in July, 1926, continued to maintain advertising signs on the building down to 1931, paying therefor $150 per month.

Sometime prior to July 15, 1931, the defendant initiated negotiations for renewing the agreement, but advised the agent for the plaintiff it was unable to continue the payment of $1,800 per year for the privilege of continuing the maintenance of advertising signs, and if no new agreement was made would remove the signs. The agent for the plaintiff (who was then absent from the city) informed the defendant he had no authority to accept less than the $1,800 per year then being paid, and no renewal agreement was in fact made.

The defendant, however, did not remove the signs until on or about August 3, 1931.

The plaintiff thereupon began this action to recover $450 for the months of August, September and October, 1931, claiming that by continuing in possession after July 15, 1931, the so-called lease was, by operation of law, renewed for another year.

The defendant on the other hand contends the agreement in question was not a lease but a license and the holding over after July fifteenth did not operate to renew the agreement for another year.

The question presented for decision under all the circumstances is one of law, there being no dispute as to the facts in the case.

Disregarding for the moment the provision in the agreement that it should not be deemed a " lease " but " an exclusive right and privilege," we will consider whether the agreement without such provision is to be held a lease or a license. If a license, the rule as to the legal effect of holding over does not apply.

The decisons of the courts on that subject are not uniform.

In *Pocher* v. *Hall* (50 Misc. 639), where the facts were substantially the same as in the present case, it was held the agreement amounted to a lease and not a license. To the same effect is the decision in *United M. & R. Imp. Co.* v. *N. Y. Hippodrome* (61 Misc. 308).

However, in the later case of *United Merchants Realty & Improvement Co.* v. *New York Hippodrome* (133 App. Div. 582), where the facts were identical with those in this case, the Appellate Division held that where the owner of premises had been notified prior to the expiration of the term that the licensee would no longer occupy the premises, the owner could not treat him as holding over for another year by reason of his failure to remove a signboard before the expiration of the term.

This appears to be the later decision on the subject and by a higher court than those rendering the two decisions to the contrary above cited.

The referee feels constrained to follow that in 133 Appellate Division, 582.

However, by the agreement now under consideration, it was expressly agreed: " This agreement is not a lease, but merely an exclusive right and privilege to erect and maintain advertising signboards of the character aforesaid upon the premises above described upon the terms and conditions herein expressed."

The referee is of the opinion that this precludes the plaintiff from insisting the agreement is a lease rather than a license.

The clause quoted was undoubtedly inserted for a purpose, and for the very purpose that there might be no misunderstanding as to the character and nature of the privilege conferred, or of the rights and obligations of the parties under it, expressly eliminating the obligations incident to a lease. We can discover no good reason why the agreement in this respect should not be respected and observed. It is true, as argued by plaintiff's counsel, that an agreement in writing is subject to the construction of the courts and in various cases the courts have held an agreement to be a license although described and referred to as a lease. (*Reynolds* v. *Van Beuren*, 155 N. Y. 120; *Hess* v. *Roberts*, 124 App. Div. 328; *Realty Advertising & Supply Co.* v. *Hickson*, 184 id. 168; *United*

*Merchants Realty & Improvement Co.* v. *N. Y. Hippodrome*, 133 id. 582; *Lynch* v. *Murphy Hotel Co.*, 130 id. 691.)

And similarly an agreement to be a lease although referred to as a license. (*United M. R. Imp. Co.* v. *N. Y. Hippodrome*, 61 Misc. 308; *Pocher* v. *Hall*, 50 id. 639; *O. J. Gude Co.* v. *Farley*, 28 id. 184; *Williams* v. *Hylan*, 126 id. 807; *Greenwood Lake & P. J. R. R. Co.* v. *N. Y. R. R. Co.*, 134 N. Y. 435; *Mehlman* v. *Atlantic Amusement Co.*, 65 Misc. 25.)

Nevertheless a reading of the cases cited shows that there was in each no express agreement that the agreement under consideration should be deemed as between the parties either a lease or a license. The agreements in those cases were simply incidentally referred to or described as a lease or a license.

In the instant case, however, the agreement between the owner of the realty and the advertising company expressly and in specific terms declared it should be deemed a privilege or license and not a lease, which presents a very different case.

Considering all the facts in this case, the referee reaches the conclusion the plaintiff has failed to establish a cause of action, and his complaint must be dismissed, with costs.

So ordered.