MANDEL G. SHULMAN, as Administrator of the Estate of MORRIS SHULMAN, Deceased, Respondent, *v.* FIRST BANK & TRUST COMPANY OF UTICA et al., Appellants.

Fourth Department, May 18, 1955.

*William R. Goldbas* for respondent.

*Russell G. Dunmore, Jr.,* and *Joseph J. Cardamone, Jr.,* for appellants.

McCurn, P. J.   The interlocutory judgment affirmed by this court (281 App. Div. 944) adjudged and decreed among other things that the agreement of August 28, 1930, was a valid agreement between the parties thereto and has been a continuous binding agreement on said parties since that time.   On that appeal the appellants contended, and now contend upon this appeal, that the agreement terminated ten years from its date by reason of section 110 of the Real Property Law.   We did not then, nor do we now, regard the agreement as either a statutory or common-law assignment for the benefit of creditors.   It is in reality an agreement in the nature of a pledge by the terms of which Rolu Theatre Corporation pledged certain of its assets, to wit:  its leases and the rentals to accrue thereon to the payment of the obligations listed in the agreement in the order of priority as therein set forth.   The agreement specified its own time limitation, namely, that upon payment of all of the indebtedness mentioned therein the leases are to be reassigned to the owner and the agreement terminated.   We adhere to our previous determination implicit in our former decision (see *Matter of Wilson,* 207 Misc. 755).

Interest on the notes held by the plaintiff is payable under class D of the agreement and principal is payable under class E. Obviously plaintiff's objective upon the accounting is to find out whether creditors in classes A, B and C having priority over plaintiff's claims have been paid, or if there is a surplus on hand from which they may be paid, and whether there is any balance remaining which should be properly applied to plaintiff's claims under classes C and D.   The agreement provides for the payment of claims out of the rentals so that the accounting

relates to the collection and dispersing of money received from the rentals. The defendants are, therefore, not called upon to account for the item of $4,400 carried upon the books of Rolu as an asset. That item relates to stock in a corporation known as 201 Bleecker Corporation which was acquired by Rolu prior to the agreement of August 28, 1930, and was not pledged by it as security for the obligations listed in that agreement.

While there seems to be no question that the obligations specified in class C have been paid or in some manner liquidated, the evidence is not clear as to all of the obligations specified in classes A and B.

Class A (5 and 6) provided for interest and amortization payments on the first mortgage held by the City Savings Bank of Albany and the evidence establishes that such payments have been made; A (7) provides for interest payments on the second mortgage held by Nathan but does not provide for amortization payments.

The trial court has found, and we think properly so, that as of the time of the accounting, interest on the second mortgage was not in default. It has also been found that amortization payments on the second mortgage in the amount of $2,000 have been paid out of the rentals and that such amortization payment was not provided for in the agreement. The trial court has accordingly surcharged the defendants with the amount of that payment, and we think properly so.

The evidence is obscure as to whether a balance of $7,500 and interest on a note given by Rolu to the bank and later assigned to the F. D. I. C. has been paid or otherwise discharged. We think the evidence is not sufficient to sustain any finding with respect to such balance, and that the facts in relation thereto should be developed upon a new trial.

We agree with the finding of the trial court that the $4,500 balance of the Nathan note of May 15, 1930, is no longer owing.

Class D provides for interest on stockholders' notes including the notes of the plaintiff amounting to $38,069.60 and class E provides for payment of principal on these notes. It is undisputed that there has been no payment, either of principal or interest, upon the plaintiff's notes in classes D and E but there is no evidence from which it can be determined whether or not the interest or principal upon the other notes in classes D and E has been paid in whole or in part. Under the agreement holders of notes in these classes would necessarily share proportionately until all are paid.

Under the circumstances a new trial must be had in order to provide an opportunity to offer evidence, if any is available, to establish whether or not these other creditors have in fact been paid, or whether their claims have in any other manner been discharged or satisfied.

The trial court concluded that in any event the bank is now liable to the plaintiff because when it assigned to the F. D. I. C. the note obligations of Robbins and Lumberg, it also assigned to the F. D. I. C. 1,000 shares of Rolu capital stock, which according to plaintiff's interpretation of the agreement, was held by the bank as collateral security for all of the claims, including the notes held by the plaintiff. The trial court held that the assignment of the stock was a breach of the bank's obligation as trustee, upon which the bank's liability to the plaintiff might be predicated.

It appears from the recitals in the agreement under consideration that at the time it was executed on August 28, 1930, Robbins and Lumberg together with their respective wives owned all of the capital stock of the Rolu Corporation in equal accounts, to wit: 500 shares each; that each had pledged his respective stock with one Nathan as collateral security for their respective debts to Nathan. Nathan pursuant to the agreement of August 28, 1930, deposited the notes of Robbins and Lumberg which he held together with the Rolu stock with the bank subject, however, to his prior pledge agreement concerning the stock. Such deposit of the stock as we construe the agreement was for the purpose of securing to the bank and to Nathan the debts owed to the bank and to Nathan by Robbins and Lumberg. It was not deposited as security for the payment of the notes held by the plaintiff or others similarly situated. The bank therefore did not, in our view of it, breach any obligation to the plaintiff when it transferred the Rolu stock to the F. D. I. C. and we see no basis for surcharging the bank therefor.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. [See *post,* p. 982.]