■ CELIA LEVY, Individually and as Executrix of ALEX LEVY, Deceased, et al., Respondents, v. THEODORE AMELIAS et al., Appellants.—Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Cayuga Special Term for plaintiffs in an action for a declaratory judgment to construe terms of a lease. The order granted plaintiffs' motion for summary judgment under rule 113 of the Rules of Civil Practice.) Present—McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [207 Misc. 880.]

■ MILDRED A. FOTCH, Appellant, v. ADOLPHUS Y. ZOLLINGER et al., Doing Business under the Name of ZOLLINGER TRAILER COMPANY, Respondents, et al., Defendant. WALTER G. FOTCH, Appellant, v. ADOLPHUS Y. ZOLLINGER et al., Doing Business under the Name of ZOLLINGER TRAILER COMPANY, Respondents, et al., Defendant.—Order affirmed, with $10 costs and disbursements. All concur. (Appeals from an order of Monroe Special Term granting a motion by defendants Zollinger to vacate service of summons and complaint on said defendants.) Present—McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See *post*, p. 798.]

■ MANDEL G. SHULMAN, as Administrator of the Estate of MORRIS SHULMAN, Deceased, Respondent, v. FIRST BANK & TRUST COMPANY OF UTICA et al., Appellants.— Upon reargument, judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: Upon reargument plaintiff's counsel presented a so-called certificate of settlement certified to by the secretary of the Federal Deposit Insurance Corporation (F. D. I. C.) and moved that the same be admitted in evidence and added to the record as proof that the balance of $7,500 and interest on the note given by Rolu to the trust company and afterwards assigned to the F. D. I. C. had been settled and discharged. Defendants' counsel objected claiming that the certificate showed only that the note was transferred to Mr. Nathan for $400 and constituted no evidence that the note was settled or discharged. We cannot say, upon this record, that the certificate is of the incontrovertible nature of records which an appellate court may sometimes add to the record without consent of all the parties (see *Dunham* v. *Townshend*, 118 N. Y. 281, 286). Plaintiff points out upon the reargument that the record shows that notes in Class "G" of the agreement are no longer owing to the trust company. He contends therefore that notes in a class over which the plaintiff's notes were entitled to priority have been paid and the bank should be surcharged to the extent of payments so made. The evidence shows, however, that the notes referred to in Class "G" were transferred to the F. D. I. C. in 1940 and that the trust company received its money from the F. D. I. C. rather than from the income of the rentals. The priority to which plaintiff's notes were entitled was not violated by that transaction. We have reconsidered plaintiff's contention that the Rolu stock was pledged as security for the payment of all of the notes including those of the plaintiff. We again conclude that the deposit of the Rolu stock was for the purpose of securing to the bank and to Nathan the debts owed by Robbins and Lumberg and that it was not deposited as security for payment of the notes held by the plaintiff or others similarly situated. We have considered all of the contentions advanced by counsel for the respective parties and conclude that we should adhere to our original decision. (*Shulman* v. *First Bank & Trust Co.*, 286 App. Div. 23.) All concur. (Reargument of appeal from judgment of Oneida Equity Term for plaintiff in an action to compel an accounting.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.