■ ATTILIO DeSANTIS, Respondent, v JOHN KESSLER et al., Appellants. — Order unanimously modified and, as modified, affirmed, with costs to respondents, in accordance with the following memorandum: Presented for our consideration is the interpretation of the renewal option contained in a lease between the parties. The contested provision of the lease, pertaining to respondents lessees' right to renew provides: "The period of initial lease shall cover 5 years beginning with the signatory date of this covenant, and the lessee shall have the option each year subsequently of renewing his lease under the terms and for the sums of payment indicated below; or should the 'and be up for sale at any terminal date of agreement he shall have the option 'f purchasing the land affected by his improvements at its fair market value." At the expiration of the five-year term of the lease petitioner lessor notified respondents that they must vacate the premises. Respondents countered with notice of intention to renew pursuant to the lease provisions. In a summary eviction proceeding, the Town Court dismissed the petition, in effect holding that the option clause of the lease gave to the lessees the right of continual renewals. County Court affirmed the dismissal of the petition as premature, holding that the renewal option provision of the lease entitled the lessees to a single renewal for one year *(Levy v Amelias,* 207 Misc 880, affd without opn 1 AD2d 755). We modify. Covenants for renewal are to be construed most favorably to the lessee *(455 Seventh Ave. v Hussey Realty Corp.,* 295 NY 166; *Burgener v O'Halloran,* 111 Misc 203; see, also, *Martin Delicatessen v Schumacher,* 70 AD2d 1, revd on other grounds 52 NY2d 105), and while lease renewals in perpetuity are not favored, renewal clauses conferring perpetual rights will be upheld if the intent of the parties is clearly expressed in the lease *(Burns v City of New York,* 213 NY 516; *Genesee Conservation Foundation v Oatka Fish & Game Club,* 63 AD2d 1115; *Hoff v Royal Metal Furniture Co.,* 117 App Div 884, affd 189 NY 555; *Kuppers v Tortora Agency,* 63 Misc 2d 656; *Van Beuren & N.Y. Bill Post Co. v Kenney,* 60 Misc 338). While the language in the instant lease does not manifest an intention to create a term in perpetuity, it is not so ambiguous as to limit respondents' privilege of renewal to a single extension *(Levy v Amelias, supra,* p 882). As in any contract, all the terms of a lease must be read together (33 NY Jur, Landlord and Tenant, § 79). The instant lease contains terms of limitation. By providing that the lessees shall

have the option of purchasing the leased premises in the event it is for sale at any terminal date of the lease, the only fair implication is that the parties contemplated that the lessor might at some time sell the property and the lessees might buy it. Thus, their relationship as landlord-tenant is dependent upon petitioner's continued ownership of the property. This interpretation is further strengthened by the terms of the renewal covenant which narrows the sale of the property and respondents' option to purchase to "any terminal date of agreement", which, of course, would be at the end of an existing lease term as provided for in the renewal clause. So long as petitioner remains the owner of the leased premises, respondents shall have the right, at their option, to yearly renewal of the lease in accordance with its terms. (Appeal from order of Oswego County Court, Sullivan, J. — eviction-option to renew lease.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.