■ RICHMOND CHILDREN'S CENTER, INC., Respondent, v FIREMAN'S FUND INSURANCE COMPANIES, Appellant.—In an action for a judgment declaring that the defendant Fireman's Fund Insurance Companies is required to defend and indemnify the plaintiff Richmond Children's Center, Inc., in a pending personal injuries action, the defendant appeals from a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated May 23, 1985, which declared (1) that certain written agreements constitute an incidental contract within the meaning of that term as used in an insurance policy; and (2) that the defendant is obligated to defend and indemnify the plaintiff Richmond Children's Center, Inc.

Ordered that the judgment is affirmed, with costs.

We find that Special Term properly held that the agreements in question were in the nature of a lease, rather than a license. Although the agreements referred to themselves as licensing agreements, it is well settled that the courts, in construing the true nature of an instrument, are not bound by the name that the parties gave to it *(see, City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298, 300; *see also, Goldsmith v General Outdoor Adv. Co.,* 147 Misc 536, 538-539, *affd* 240 App Div 943). The instruments at bar contained elements found in a lease and thus conferred "rights well beyond those of a licensee or holder of a mere temporary privilege" *(Miller v City of New York,* 15 NY2d 34, 37). As such, Special Term did not err in stating that the agreements were an "incidental contract within the meaning of [the defendant's] policy such that [the defendant] is obligated to defend and indemnify within the limits of its policy". Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.