■ MARGARET FARONE, Appellant, v MILTON P. MINTZER et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered February 23, 1987 in Saratoga County, which, *inter alia,* granted defendants' cross motion for summary judgment and made a declaration in their favor.

The sole issue on this appeal is the interpretation of paragraph 31 of a lease entered into on July 24, 1959 between the former property owner, Louis J. Farone, and defendants. That paragraph provided that: "If all the terms and conditions are kept and performed by the tenants, the tenants shall at their own election have the privilege of renewing this lease upon the same terms and conditions for successive five year terms providing that notice of such election of this option be conveyed to the landlord at least three months prior to expiration of each term." Renewals were duly exercised in 1964 and 1969, while Farone was still alive. He died in 1970 and plaintiff, his surviving spouse, obtained the property under the terms of his will. Thereafter, defendants renewed in 1974, 1979 and 1984, with the monthly rental of $300 always paid and accepted.

In 1986, plaintiff instituted the instant action seeking a declaration that the disputed paragraph was void, and ordering defendants to vacate the premises. Defendants requested a counterdeclaration that the lease be declared enforceable, at least for the period of their lifetimes. After issue was joined both parties moved for summary judgment. Supreme Court denied plaintiff's motion and granted defendants' cross motion.

On this appeal, plaintiff contends that the provisions of paragraph 31 do not clearly and unequivocally confer upon defendants the perpetual right of renewal as required if such interpretation is to be upheld *(see, Burns v City of New York,*

213 NY 516, 520). Defendants, on the other hand, rely on the renewal of the lease five separate times (the last three renewals being exercised with plaintiff herself). Defendants, therefore, argue that plaintiff's acceptance and acquiescence binds her to the terms of the lease as written *(see, supra)*. Defendants also rely on the proposition of law requiring renewal leases to be construed in favor of a lessee *(see,* 34 NY Jur, Landlord and Tenant, § 416, at 268 [1964]) and on the use of the word "successive" by the parties, which has been held to imply perpetuity *(see, Gleason v Tompkins,* 84 Misc 2d 174, 177).

In our view, the clear and unambiguous wording of the disputed renewal clause of the lease mandates affirmance of the judgment of Supreme Court. Although a renewal clause can be construed to confer "perpetual" rights only upon the plain and unequivocal expression of the parties *(Gainer v Gerrish,* 63 NY2d 575, 581; *Levy v Amelias,* 207 Misc 880, 882, *affd* 1 AD2d 755; 51C CJS, Landlord & Tenant, § 61 [b], at 188-189), we need not decide this issue in view of the more limited relief requested by defendants, i.e., that the lease be considered renewable for successive five-year terms for their lifetimes *(see, DeSantis v Kessler,* 83 AD2d 766).

Parenthetically, we note that the language used in paragraph 31 does not contain words like "perpetual", "forever", "for all times", "endless periods" or "everlasting", so that the lease provision is not without some ambiguity regarding its perpetual right to renew *(see, Gleason v Tompkins, supra,* at 177). The only word tending to express such right is the word "successive". Standing by itself, that word has been construed to grant a tenant only a "single renewal" *(Geyer v Lietzan,* 230 Ind 404, 103 NE2d 199, 201). However, the number of renewals that have already been exercised herein by the parties themselves does not support such a limited construction on our part.

We believe, as did Supreme Court, that the only practical and reasonable construction of the language of paragraph 31 of the lease requires a finding that the parties intended the lease to be renewable for successive five-year terms during defendants' lifetimes *(see, Gleason v Tompkins, supra,* at 178). This construction affords full effect to the language and conduct of the parties, who agree that the lessees (defendants) have at all times performed the terms and conditions of the lease imposed upon them. It is defendants alone who "at their own election have the privilege of renewing this lease upon the same terms and conditions for successive five year terms"

upon giving the required notice. Although the lease is silent as to how many terms of renewal are to be provided, it is certain that the parties intended and by their conduct approved or acquiesced in the exercise of the option five separate times to date. We believe that the clear language of the renewal option and the conduct of the parties require that the duration of the lease be measured by defendants' lifetimes *(see, supra)*.

We add that we find no merit in plaintiff's contention that the lease terminated upon the death of Farone, the original lessor, and that plaintiff is not bound by its provisions, inasmuch as plaintiff is successor-in-interest and legal representative of Farone *(see, Fidelity Trust Co. v Brooklyn Props. Corp.,* 229 App Div 544; *Adler v Lowenstein,* 52 Misc 556), and not a third party to whom the interest of Farone was conveyed. Accordingly, the judgment of Supreme Court should be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.