■ Tops Markets, Inc., Respondent, v Robert J. Congel et al., Appellants. (Appeal No. 2.) [743 NYS2d 370] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered June 20, 2001, which, inter alia, granted plaintiff's motion for summary judgment in part.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover sums allegedly due under an agreement referred to by the parties as the "shortfall agreement." Supreme Court properly granted plaintiff's motion for summary judgment in part and denied defendants' cross motion for summary judgment

dismissing the second amended complaint. "A court in its effort to determine the true character of an instrument must look at the nature of the right rather than to the name the parties gave it" (*City of New York v Pennsylvania R.R. Co.,* 37 NY2d 298, 300; *see Richmond Children's Ctr. v Fireman's Fund Ins. Cos.,* 128 AD2d 849). Pursuant to the shortfall agreement, plaintiff is to receive compensation for the decrease in value of the premises it leases in a shopping plaza resulting from the absence of additional anchor tenants. Although the shortfall agreement labels such compensation "Rent Reimbursement Payments," the court properly determined that defendants' obligation to make payments under the shortfall agreement is not dependent upon plaintiff's actual payment of rent. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.