■ BALK FAMILY TRUST, Respondent, v JOHN SCHMIDT et al., Appellant. [886 NYS2d 313]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered January 29, 2009 in an action pursuant to RPAPL 871. The judgment, inter alia, denied the motion of defendant John Schmidt for summary judgment on his counterclaim.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is granted and judgment is granted in favor of defendant John Schmidt as follows:

"It is ADJUDGED and DECLARED that defendant John Schmidt has the right of yearly renewal of the lease in question during his lifetime, and the cross motion is denied and the injunction is vacated."

Memorandum: Plaintiff's predecessor in title, Paulette Carlson Smith, commenced this action pursuant to RPAPL 871 seeking, inter alia, an injunction directing defendants John Schmidt (Schmidt) and Kathleen Schmidt to remove an encroaching structure from property leased by Smith's prede-

cessor in title, Walter F. Manchester, to Schmidt in 1987. The written lease between Manchester and Schmidt was for a term of one year and provided that "[t]he [lessee] shall have the right to renew this Lease Agreement yearly upon the same terms and conditions." When Manchester died in 2005 and the property was devised to Smith, she notified Schmidt of the termination of the lease in May 2006. Smith thereafter commenced this action and plaintiff, upon purchasing the property from Smith, was substituted as the plaintiff herein. Supreme Court denied the motion of Schmidt for summary judgment on his counterclaim seeking a declaration that he "has a perpetual right of renewal of the lease at issue during his lifetime," and the court granted plaintiff's cross motion for, inter alia, summary judgment on the complaint. We reverse.

We agree with defendants that "the only practical and reasonable construction of the language of [the renewal provision] requires a finding that [Manchester and Schmidt] intended the lease to be renewable for successive [one-year] terms during [Schmidt's] lifetime[ ]" (*Farone v Mintzer*, 133 AD2d 1009, 1010 [1987]; *see Gleason v Tompkins*, 84 Misc 2d 174, 178-179 [1975]; *see also DeSantis v Kessler*, 83 AD2d 766 [1981]). Plaintiff contends that the court properly relied on *DeSantis* in support of its decision because here, as in *DeSantis*, the parties to the lease intended to limit the lessee's right of renewal to the period during which the lessor was the owner of the property (*see id.* at 766-767). We reject that contention inasmuch as, unlike the lease in *DeSantis*, the lease in this case contains no indication that the parties thereto intended that the lessor would have the option of terminating the lease at the end of each renewal term, either by selling the property to the lessee if he or she exercised the option to purchase the property at fair market value or by selling the property to a third party. Thus, because the lease is binding both by its terms and as a matter of law on both Smith, Manchester's devisee, and plaintiff, Smith's grantee, Schmidt has a valid right of yearly renewal of the lease during his lifetime. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.