844 Westend LLC, Petitioner-Landlord-Appellant, 
against
Magdi Boulos, Respondent-Tenant-Respondent,



Landlord appeals from (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated June 5, 2015, which denied its motion for summary judgment of possession in a holdover summary proceeding and (2) a final judgment of the same court (Jean T. Schneider, J.), entered on or about November 8, 2017, after a nonjury trial, in favor of tenant dismissing the petition.




Per Curiam.
Final judgment (Jean T. Schneider, J.) entered on or about November 8, 2017, affirmed, with $25 costs. Appeal from order (Jack Stoller, J.), dated June 5, 2015, dismissed, without costs, as subsumed in the appeal from the final judgment.
We agree with Civil Court that the governing 2005 lease rider was ambiguous, i.e., "reasonably susceptible of more than one interpretation" (Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]), as to whether tenant had the option of successive lease renewals at guideline increases for the period he remained in the West End Avenue apartment as the sole leaseholder. Thus, the trial court properly looked to evidence of the "events leading up to the execution of the lease" to resolve the ambiguity (see Coliseum Towers Assoc. v County of Nassau, 2 AD3d 562, 564 [2003], lv denied 2 NY3d 707 [2004]), as well as the "course of conduct" of tenant and landlord-appellant's predecessor under the lease (Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership, 2 AD3d 331, 332 [2003]) as to whether the lease was renewable at tenant's option.
The trial evidence, fairly interpreted, supports the court's interpretation of the rider in tenant's favor. The only practical and reasonable construction of the rider requires a finding that the parties intended that the lease be renewable for successive one or two year terms at tenant's option as long as he remained the sole leaseholder (see Farone v Mintzer, 133 AD2d 1009, 1010 [1987]). Indeed, this apartment was offered to tenant after the prior landlord of tenant's rent stabilized West 98th Street apartment commenced an owner use proceeding against him, in accordance with said prior landlord's obligation under Rent Stabilization Code (9 NYCRR) § 2524.4(a)(2) to offer tenant, a disabled individual, "equivalent or superior housing" at the "same or lower regulated rent." The unrebutted testimony of tenant, the attorney who represented him during the relevant period, and the broker who procured the lease, clearly established that the [*2]contracting parties intended to enter a lease providing tenant with continuing renewals at guideline increases. Indeed, no reasonable individual in tenant's position would exchange his stabilized apartment for one which did not guarantee him lease renewals. Furthermore, the right of renewal leases was exercised twice over several years by tenant prior to landlord-appellant's ownership. We therefore agree with the finding of the trial court, that the language of the rider and the conduct of the parties requires that tenant has the option to renew the lease, warranting the dismissal of the holdover petition. 
Inasmuch as landlord's claims have been disposed of at trial, its appeal from the prior order denying its motion for summary judgment is moot (see General Elec. Co. v Rabin, 177 AD2d 354, 356 [1991]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 30, 2019